DIXON *vs.* THE MOBILE & GIRARD RAILROAD COMPANY.

Where suit was brought against an Alabama railway corporation by a passenger who was injured by leaping from its train in that State, and the facts in evidence made a clear case, not only of contributory, but of gross negligence on his part, provided the jury believed that the conductor did not prompt the plaintiff to jump from the train, and that question was fairly submitted to the jury, and under the charge of the court the whole case was made to turn upon it, and a verdict was found for the defendant, the effect of contributory negligence, whether tested by the Alabama law or that of this State, would not and ought not to change the result; and there was no error in refusing to grant a new trial because the court charged that, according to the laws of Alabama, if the plaintiff contributed to the injury, he could not recover. (Rep.)

February 20, 1888.

Railroads.  Negligence.  Evidence.  Charge of court. Before Judge SMITH.  Muscogee superior court.  May Term, 1887.

The plaintiff's declaration alleged, in substance, as follows: He got aboard defendant's regular passenger train at the town of Seale, Alabama, for transportation to Nuckol's Crossing, a station on its line, and paid his fare. The company's servants negligently failed and refused to stop at said crossing so that he could safely alight, but passed through at too great a speed, so that plaintiff, without fault on his part, in attempting to get off, was violently dashed against the ground and injured. The defendant has an office in Muscogee county. By amendment, he alleged, that when the train reached the crossing, and while going at a fast rate of speed, the conductor ordered him to

jump off, which he did, having no other way to get off, and thereby sustained the injury.

The defendant pleaded the general issue. Also that it was a foreign corporation of Alabama, with its track and road-bed in that State; that the injuries were received there, and not in Georgia; and that they would not have been received without fault and negligence of the plaintiff, which contributed directly to produce them.

The evidence for the plaintiff tended to support his allegations. He testified that the train did not stop at his destination but went by at a rapid speed, and when about 250 yards beyond the stopping-place, and while in rapid motion, the conductor caught him by the arm and said, "Now, jump; I am in a hurry," and that he obeyed, and was hurt.

The only evidence for the defendant was that of the conductor, who testified as follows: Plaintiff informed him that he wished to get off at the crossing. The engine whistled, and the train was stopping; it passed the crossing about 100 yards. Plaintiff went out upon the last step of the car; witness saw he was about to jump off, but was afraid to speak to him because he might not understand; was about a car-length from him when he jumped; did not touch him, nor tell him to jump, or not to jump. The train was moving about four miles an hour; it came to a full stop in one or two car-lengths. It stopped there only when there were passengers to get on or off; that was not a regular station. Witness pulled the bell-rope to stop the train.

The jury found for the defendant. The plaintiff moved for a new trial on the following grounds:

(1)–(3) The verdict is contrary to law and evidence.

(4) The court charged as follows: "But it is replied, on part of the defendant, the carrier, that he voluntarily got off the train while it was in motion. Well, gentlemen, look to the evidence, and see whether he got off voluntarily—whether it was his own act; if it was his own

act, although the conductor, the carrier, may have been in some fault in passing the station and in not stopping the train for him to get off, if he jumped off under circumstances that a prudent man who knows danger, a man of ordinary prudence, would not, why then the company would not be liable."

(5) The court charged thus: "This transaction took place in Alabama; it was an Alabama railroad, and there is no such thing as approximate contributory negligence allowed in that State to excuse parties for their own want of prudence, prudent conduct, on such occasions as this. Was it in consequence of his voluntary act? If the conductor told him to get off, as I stated; if there was a command, and he got off in obedience to that, and was hurt, then the railroad is liable. If he got off without any command or any suggestion from the conductor at all, and got off voluntarily, jumped of his own accord, under circumstances that a prudent man would have seen more dangerous, if any, and that he ought not to have jumped off, the railroad company would not be liable. Contributory negligence, gentlemen of the jury, is when the party contributes to the accident, to the injury, that he himself receives. For instance, a passenger on board a train behaves himself imprudently, exposes himself voluntarily to danger, and it is of his own volition that he does it, and he is hurt in consequence of it. Now, under the laws of our State, the degree of contributory negligence might have been taken into question, and still the carrier have been liable. But under the laws of Alabama, if he was hurt where this occurrence took place, (and they were running under the laws of Alabama, and performing their duties as a railroad in the State of Alabama, and bound by those laws, and the liablity accrued then, if it accrued at all, gentlemen,) if he voluntarily jumped from that train, without any suggestion, or intimation, or fault of the carrier, or its agents who had charge or authority in the premises,

and was hurt thereby, the carrier is not liable at all if the injury was in consequence of the jumping."

(6) The court charged thus: "It is alleged that this boy was a mere youth and that he did not have discretion to know what his conduct ought to have been; that he didn't have judgment enough to conduct himself with that prudence that an older person would have done under the circumstances. Look to that, gentlemen of the jury, and ascertain whether he had discretion and judgment enough to know when he was exposing himself to danger. If he didn't, why that is the reason of the rule that the gentleman has just stated. Look to all the facts and circumstances; look to the fact that the train passed beyond the station, and give it just such weight, gentlemen of the jury, as you think it is entitled to, if you think that was the cause of the damage and he did not act voluntarily. If he acted voluntarily in jumping off the train, without any suggestion, or any intimation, from defendant or its agents, why, gentlemen, take it into consideration and give it what weight you think it is due. But I repeat again, if he jumped voluntarily from that train when it was in motion, and that was an act of imprudence on his part and was the approximate cause of the injury that he suffered, and he so jumped without the direction of the defendant or its authorized agent, then he would be entitled to recover nothing, under the facts of this case."

The motion was overruled and the plaintiff excepted.

J. F. Pou, L. F. Garrard and L. McLester, for plaintiff.

Peabody, Brannon & Battle, for defendant.

Bleckley, Chief Justice.

The plaintiff, being a passenger upon the defendant's railway, was injured by leaping from the train. This took place in Alabama, and the defendant is an Alabama corporation. The court charged the jury that, according to

the law of that State, if the plaintiff contributed to the injury he could not recover. The facts in evidence made a clear case, not only of contributory but of gross negligence, provided the jury believed that the conductor did not prompt the plaintiff to jump from the train; and that question was fairly submitted to the jury; under the charge of the court, the whole case was made to turn upon it. We think, under these circumstances, that the effect of contributory negligence, whether tested by the Alabama law or our own, would not and ought not to change the result. The court was therefore right in refusing to grant a new trial.

Judgment affirmed.