WHELAN *v.* THE GEORGIA MIDLAND & GULF RAILROAD CO.

1. The preponderance of evidence is in favor of the verdict.
2. A railroad company is not liable in damages to one who jumps from its train when there is no necessity for doing so.
3. The charge of the court covered all the issues of the case, and presented the plaintiff's side as fully as he was entitled to.
(*a*) A ground for new trial that the charge of the court did not fully cover the case as made by the proof and the declaration, is too general for consideration.

BLANDFORD, J., not presiding, because disqualified.

March 1, 1890.

Railroads. Negligence. Charge of court. Verdict. Practice. Before Judge SMITH. Muscogee superior court. November adjourned term, 1888.

Reported in the decision.

THORNTON & CAMERON, for plaintiff, cited Code, §§2067, 3368; 67 *Ga.* 307, 468; 58 *Ga.* 468; 71 *Ga.* 22; Rwy. Ac. L. §§110, 220; 8 Am. Rep. 508; 10 *Id.* 332; 37 *Id.* 385; 40 *Id.* 228; 41 *Id.* 337; 99 Am. Dec. 287.

GOETCHIUS & CHAPPELL, for defendant, cited Code, §§2972, 3034; 78 *Ga.* 35; 82 *Ga.* 229; 81 *Ga.* 476; 80 *Ga.* 212; 76 *Ga.* 333; 66 *Ga.* 746; 50 *Ga.* 353; 67 *Ga.* 306; 45 *Ga.* 288.

SIMMONS, Justice.

Whelan brought his action against the defendant for

damages on account of a personal injury, which he alleged he sustained by the negligence of its servants. It appears from the record that at Columbus, Georgia, when on his way home from Alabama to Butler, Georgia, he took by mistake the defendant's train, instead of the Central railroad train as he had intended. After going a few yards, he discovered he was on the wrong train, and requested the defendant's servants to stop the train so that he might get off; but instead of their doing so, he alleges, they ordered him to get off while the train was in motion, and he was forced off by violence, and in jumping from the train was injured.

The defendant (1) denied that Whelan was on the train at all, and (2) contended that if he was on it, he jumped from it voluntarily, without any order or force on the part of the defendant's servants. The jury found for the defendant, and the plaintiff moved for a new trial.

1. The 1st, 2d and 3d grounds are, that the verdict was contrary to law and the evidence. We have examined the evidence sent up in the record, and we think it was amply sufficient to authorize the verdict; indeed the preponderance is in favor of the defendant.

2. The 4th ground complains of the following charge: "If he got off of his own volition, without being ordered off and without being commanded to get off by an employé of the company, and was left free to exercise his own volition to remain there or to get off if he pleased, if he got off of his own volition, he would not be entitled to recover damages, for in such cases he would be left free to act as he pleased about it."

There was no error in this charge; it seems to us to be a sound exposition of the law. We cannot conceive how a railroad company would be liable to any person who jumped from its train when there was no necessity for so doing.

3. The 5th ground complains that the charge of the court did not fully cover the case made by the proof and the declaration. This ground is too general for consideration; but in reply to it, we will say that we have read the charge of the trial judge and find that it covers all the issues made by the pleadings and the evidence, and that the plaintiff's case was as fully presented therein as he was entitled to.

*Judgment affirmed.*