THE ATLANTA & WEST POINT RAILROAD CO. *v.* DICKERSON.

1. In the absence of a custom to give signals for passengers to get off, a railroad company is not bound to give any signal for such purpose, after having stopped its train and kept it standing at the station a sufficient time to allow passengers to alight by the exercise of ordinary and reasonable diligence on their part. If, after the allowance of such time, a train moves off without giving any signal, and a passenger is then in the act of alighting, none of the employees connected with the train knowing of his delay or of his exposed position, and he is injured in consequence of the movement of the train, the company is not liable for the consequences.
2. If a passenger voluntarily leaps from the train whilst it is in motion and is injured thereby, he cannot, as a general rule, recover of the company, although the train may not have been stopped at the station long enough to afford reasonable opportunity to get off in the usual way.
3. The court erred in not granting a new trial.   *Judgment reversed.*
   June 17, 1892.   By two Justices.

Railroads.   Passengers.   Negligence.   Before Judge FREEMAN.   City court of Newnan.   July term, 1891.

The plaintiff sued the railroad company for damages, alleging that he was a passenger on its train to a station on its road, and that when the train arrived at that station, he being in the act of getting off the car and being still on the platform, the train was suddenly started and put in motion with a jerk, without giving him sufficient time to safely get off, and without giving the usual signal preparatory to starting, whereby he was thrown to the ground and seriously injured without fault on his part.   The evidence was conflicting.   There was testimony for the plaintiff in support of his allegations; while the testimony for the defendant tended to show that the train was stopped long enough for all passengers to get off who wished to do so, that the usual signal for starting was given by two short blows of the whistle or by ringing the bell, and that the plaintiff really jumped from the door in the side of the baggage-car, when the train was moving off, and shortly after-

wards stated that he did so for fear the train would carry him on.    There was a verdict for the plaintiff; a motion by the defendant for a new trial was overruled, and it excepted.    The motion contained the grounds that the verdict was contrary to law and evidence, and several grounds which alleged that the court erred in the following instructions in the charge to the jury:

" If the evidence shows that the plaintiff was a passenger having paid his fare, and was injured by the failure of the agents of defendant to exercise extraordinary diligence, then plaintiff would be entitled to recover. Did the cars stop reasonably long for the plaintiff using ordinary diligence to alight, and was the proper signal for starting given before starting ?    If so, plaintiff cannot recover.    If you find from the evidence that the cars stopped long enough for plaintiff, under the circumstances surrounding him by using ordinary and reasonable diligence, to get off, and you further find that the proper signals to start were not given before starting said train, and you find from the evidence that the failure to give proper signals did not contribute to the injury, then the plaintiff cannot recover.    If proper signals were not blown before starting, and by reason of this negligence plaintiff was hurt, he can recover.    Defendant further says that plaintiff did not get off cars at the door and platform, the usual and only place or means provided for entering and leaving said cars, but jumped out of the baggage-car door.  · Well, gentlemen, see how this is.    If you find from the evidence that the contention of the defendant as to this is true, then, gentlemen, see whether a man of ordinary prudence and care would have thus jumped from the car under the circumstances then surrounding him.    The law requires of plaintiff to use ordinary care and prudence in alighting, and if he failed to do this, he cannot recover if he was injured thereby.    The defendant contends that the

plaintiff, fearing that he would be carried on, jumped off of the cars while moving. What do the facts show as to this? If he jumped off, was he in the use of ordinary diligence to do this? If he did not use ordinary diligence, he cannot recover. If plaintiff used ordinary diligence to alight and in fact had not alighted, and while he was in the act of getting off the cars started without giving signal, and by reason thereof he was thrown from the cars and injured, he is entitled to recover."

P. H. BREWSTER, for plaintiff in error.

BIGBY, REED & BERRY, L. N. MERCIER and W. A. TURNER, *contra*.