WESTERN & ATLANTIC RAILROAD CO. *v.* GOODWIN.

1. In an action of tort against a railroad company for damages resulting from personal injuries, when it appears that such injuries were caused by plaintiff jumping from a moving train of the defendant, and at a time when there was no apparent necessity for his leaving it, and when he was not induced so to act by the defendant, but was told by its agent not to do so, there can be no recovery.
2. Irrespective of the alleged errors in the charge and rulings of the court, the verdict being contrary to evidence, the court erred in overruling the motion for a new trial.

Argued June 17, — Decided July 25, 1898.

Action for damages. Before K. S. Anderson, judge pro hac vice. City court of Cartersville. December term, 1897.

*Payne & Tye* and *J. M. Neel,* for plaintiff in error.
*John W. Akin,* contra.

LEWIS, J. Goodwin sued the railroad company for damages, and obtained a verdict for $150. He alleged in his petition substantially as follows: On January 1, 1897, about four o'clock in the morning, he boarded defendant's train at Dalton, with a view of going to his home at Kingston. The conductor told him what the fare was, and said the train did not usually stop there, but agreed to put him off at Kingston, and he accord-

ingly paid his fare to that point.   There was some discussion about the fare; plaintiff lacked about ten cents of having the amount, which was finally furnished him by a passenger on board.   During this discussion he alleged that the conductor talked very roughly and insultingly to him, charged him with trying to swindle, and was about to stop the train and put him off in the woods.   As the train was approaching Kingston and a short distance from the town, conductor passed plaintiff on the train, and told him that he was nearing the town, and to look out and get off quick, and the conductor then went forward out of the coach in which plaintiff was riding.   The train, instead of stopping at Kingston, passed the town at full speed, and the rate of speed was so great that if plaintiff had attempted to get off, it would have killed him.   He started to hunt the conductor, but before he was able to find him, the train had run beyond Kingston two or three miles to a place called "Best Sideling," and it there began to slow up, and plaintiff prepared to get off there, as he did not wish to be carried any further away from home. Watching his chance he stepped off at a time when the train was going at the slowest rate of speed during the slow-up, and the train increased its speed and went on without stopping.   On account of his age and weight and the speed of the train when he got off, and on account of the unevenness of the ground, he was hurled to the ground, and received bodily injuries described, which impaired his capacity to labor, and caused him pecuniary damages to an extent stated.   Negligence was charged against the defendant, in not complying with the special contract to land plaintiff safely in the town of Kingston, and to furnish him a safe place and ample time to alight from its car; in leading him to believe that he must prepare to get off quickly, and that the train would stop at the proper place for him to alight; in carrying him by the place contracted, and in slowing up and inducing him to get off at a place that was dangerous, and in not having a light to show the dangerous condition of the place; in not slowing up sufficiently for him to alight in safety, and in allowing and inducing him to alight in ignorance of the rate of speed at which the car was moving in the dark; in roughly and insultingly talking to him through its agent, the conductor, and in

thus publicly humiliating him by insinuating and making false charges against him and his honesty. Compensatory and punitive damages were claimed in the sum of $1,000. The defendant demurred to the declaration; the demurrer was overruled; and after the rendition of the verdict, defendant's motion for a new trial was likewise overruled, and it excepted.

The defendant's demurrer was based upon the idea that plaintiff predicated his action upon the breach of an alleged contract, and it therefore demurred to that portion of the petition which was founded on an alleged tort upon the part of the conductor. We think the petition sufficient as an action of tort, and that there was no error in overruling the demurrer. Several grounds were taken in the motion for a new trial; but, under the view we take of this case, we deem it necessary only to consider the general ground, that the verdict was contrary to the evidence. There appears in the record absolutely no testimony whatever to sustain any action ex delicto against the company. There was no proof of any rough treatment or insulting language used by the conductor to the plaintiff at any time during his trip. The plaintiff testified to the special contract as set out in his declaration. He testified to nothing in the demeanor of the conductor toward him to which he could take any rational exception. He did not see the conductor after the train left Kingston. There was no proof that the conductor knew, after leaving Kingston, that the purpose of plaintiff was to get off at the "Sideling" some three miles beyond his destination, or that the train was slowing up with the view of allowing him to depart therefrom. As they were approaching the "Sideling," plaintiff stated that the porter on the train said, "they are going to stop now." Plaintiff thought this meant that arrangements were being made for him to get off; but he said that when he went out of the door and got upon the steps with the view of getting off, the porter told him not to jump. He further said, when on the stand the second time, that as he was starting to the door, the porter told him he could not get off. The conduct of plaintiff in leaving the train while it was in motion was not induced by any act of the defendant, was entirely voluntary on his part, and was unnecessary. The only damage he sustained resulted from

injuries received by jumping from the car while in motion, and when he was told not to undertake the risk.    Under the repeated rulings of this court there can be no recovery in such a case. *Dixon* v. *Railroad Co., 80 Ga.* 212; *Watson* v. *R. R., 81 Ga.* 476; *Sav. R. R.* v. *Watts, 82 Ga.* 229; *Jarrett* v. *R. R. 83 Ga.* 347; *Whelan* v. *R. R., 84 Ga.* 506; *Atla. R. R.* v. *Dickerson, 89 Ga.* 455.    *Judgment reversed.    All the Justices concurring.*