PATERSON *v.* THE CENTRAL RAILROAD AND BANKING CO.

The plaintiff's declaration showing that the injury complained of
   was caused by his own negligence, and not by that of the defend-
   ant, a demurrer thereto was rightly sustained.

   July 7, 1890.

Negligence.    Railroads.    Before Judge RONEY.
Burke superior court.    December term, 1889.

   Action by Paterson against the railroad company

for damages; his declaration alleging, in brief as follows: On the night of May 4, 1889, plaintiff secured of defendant passage over its railroad from Augusta to Waynesboro, paying the regular charges therefor. After the car provided for his conveyance and into which he entered, had left the passenger-depot at Augusta, the defendant, while yet in that city, attached said passenger-car to a large number of freight or box-cars, and then, the train being made up, started on the down trip. Owing to the length and weight of the train and insufficient steam-power for rapid transit, the trip was slow and tedious. When nearing Waynesboro and within two hundred or three hundred yards of the depot there, the station was called in the usual way; whereupon plaintiff, being without baggage and knowing that the train would cross Whitaker street before it reached the depot, upon which street plaintiff resided, went out upon the platform of the car with the purpose of alighting at the Whitaker street crossing. The train was then moving slowly and at a uniform rate of speed, so that there was absolutely nothing in his situation to suggest danger to even the most cautious. As he anticipated, the speed of the train gradually decreased as it neared the crossing, which was within the corporate limits of Waynesboro and within about one hundred yards of the depot, where defendant's trains are accustomed to stop to deposit and receive passengers and freight, and where it did stop on the night in question. The plaintiff could see that the place where he intended to leave the car was clear of obstructions, and he stood upon the steps of the platform preparatory to step off when the crossing should be reached. He knew, and defendant's agents and servants on the train must have known, that by reason of the low rate of speed required of them when nearing a depot or public street crossing, especially within the corporate limits of a city, it was

customary for people to stand upon the platforms pre-
paratory to leaving the trains; and they knew or
should have known that it was not unusual, when a
train was passing through cities, for passengers to get
on and off at the street crossings ; and plaintiff had no
reason to apprehend that they would, under such cir-
cumstances, negligently imperil the safety of passengers.
But while he was so standing upon the steps of the
platform in the use of all proper precaution, and as the
rear end of the car on which he was standing reached
the crossing, the engineer or other servant of defendant,
or other person unknown to plaintiff, in charge of or
upon the engine, needlessly, unskillfully and negli-
gently put on great force of steam, and the train was
jerked forward suddenly and without warning, whereby
plaintiff was thrown from his balance and the right side
of his head and face came in violent contact with the
iron railing to the steps on platform or other parts of
the car, bruising and wounding the same, and he was
stunned and thrown upon the ground, wounding and
bruising him upon the right shoulder, and the wheels
of one of the cars ran over his right hand and arm,
mangling it so that amputation above the elbow was
necessary on the following day.

In another count he alleges that when he went upon
the platform of the coach, the train was moving at a
low rate of speed and was still decreasing in speed as
it neared the crossing; that it was not unusual for
passengers to quit platforms under such circumstances
at street crossings in cities, and he had no reason to
anticipate that defendant's servants, at such a time and
place, would be guilty of gross negligence, unskillful
management of the train and disregard for the safety
of the passengers, but when the rear end of the car
had reached the crossing, and he was, without fault or
negligence, in the act or about to leave the car, but

before he had done so, the train, by the negligence and unskillful management of defendant's engineer or other person on its engine which was drawing the train, was suddenly jerked forward without warning, and plaintiff was thrown from the steps violently to the ground, injuring him as above set forth; and that this jerking forward, together with other acts of negligence on part of defendant hereafter set forth, was the sole cause of his injuries. He could not have avoided the consequence of defendant's negligence; the situation occupied by him upon the platform and the steps was not under the circumstances a perilous one, or suggestive of danger to his person; and but for the negligence and unskillfulness of defendant, he would not have received the injuries. The failure of defendant to provide proper accommodation and facilities for conveying passengers over its railroad, was an act of negligence which probably contributed to his injuries; for if, instead of the train so made up with the passenger-coach attached to a freight-train of box-cars of great weight, the defendant had made up a passenger-train of cars such as are usually connected with a train of that character, with the customary improvements and appliances for controlling the same, as it was its duty to do under the law, having exacted of plaintiff full fare for such service, then such a train would have been more manageable; slacks in the couplings would have been impossible; the steam-power would have been sufficient to maintain a uniform rate of speed, and the jerk, which was the immediate cause of plaintiff's injury, would not have occurred even with the unskillful engineering. By reason of defendant's negligence in failing to provide accommodation and facilities for passenger travel, and of the negligence and unskillful management of its engineer, servants or other persons on the engine, in the running of the cars, plaintiff has been damaged $25,000.00, for which he brings suit.

The action was dismissed on demurrer on the following grounds: ˙(1) The declaration is not sufficient in law ; (2) it sets forth no cause of action against defendant ; (3) it does not show that defendant's agents or servants failed to exercise extraordinary care and diligence in the premises; (4) it shows that plaintiff's injury was caused by his own negligence ; (5) it shows that if there was any negligence on part of defendant, plaintiff could, by the exercise of ordinary care, have avoided the consequences thereof; (6) and it shows that he was guilty of such negligence as will necessarily defeat his right to recover.   The plaintiff excepted.

TWIGGS & VERDERY and P. P. JOHNSTON, for plaintiff.

LAWTON & CUNNINGHAM and J. J. JONES & SON, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought his action against the defendant in error, and upon demurrer to the declaration the court sustained the demurrer ; whereupon the plaintiff, Paterson, excepted and says this was error. The injury complained of by the plaintiff in error was caused by his own fault·or negligence, and not by the fault or negligence of the company.   So we think the court committed no error in sustaining the demurrer in this case.                     *Judgment ·affirmed.*