## SUNDY v. THE SAVANNAH STREET RAILROAD.

SIMMONS, C. J.—1. The plaintiff's husband, an employee of the street railroad company, having been killed by coming violently in contact with a post very close to the track, while he was riding on the front end of an extra car upon which he was being sent to the relief of a disabled car of the company, and it appearing that at the time of the collision he was standing on the steps of the platform, leaning outwards and looking backwards underneath the car on which he was riding, and there being no evidence showing that he was then under any necessity or duty of being in this position, it does not affirmatively appear that he was free from negligence.

2. Although the evidence warranted a finding that locating the post so near the track was a negligent act, it does not show that so doing was violative of any duty due by the company to the deceased at the time he was killed, and therefore this act was not, relatively to him, a negligent one; and as no other negligence was alleged or proved against the defendant, the plaintiff failed to establish that, so far as her husband was concerned, the company was negligent at all.

3. It follows from what is said above, that there was no error in granting a nonsuit.                          *Judgment affirmed.*
October 5, 1895.

Action for damages. Before Judge MacDONELL. City court of Savannah. November term, 1894.

Mrs. Sundy sued the railroad company for the homicide of her husband, which she alleged was caused by his being struck on the head by a pole negligently erected and maintained by defendant on a street in Savannah within a few inches of the railroad track, in dangerous proximity thereto, and where its employees were liable to come in contact with the same. The plaintiff was nonsuited. The testimony shows, in brief, that the pole which killed her husband stood on Best street at a distance estimated at eighteen to twenty-four inches from the railroad track, it being inferable that the object of the pole was to support the overhead wires for the running of electric cars. Deceased was a motorman in the employment of defendant. His regular run at time of homicide was on Barnard street, and he had been sent out on this car for the special purpose of assisting a car which was reported to have become disabled at some point in the city. Before taking the Barnard street run, he had run some time on Best street and knew of the location of this pole. He could have seen it before reaching it. At the time he was struck he was upon the step of the car, examining some part thereunder, with his back to the pole. The car was between twelve and eighteen inches from the pole. The track was straight. Since this accident the pole has been moved outward about double the distance from the track. There was testimony, that it was usual to send two men on a car going to the aid of another; and that it is often necessary to hold the trolley on curves and switches. Deceased may have gone out for that purpose.

DENMARK & ADAMS, for plaintiff.
LAWTON & CUNNINGHAM, for defendant.