## GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY *v.* MURRAY.

The evidence demanding the conclusion that whatever injury the plaintiff sustained was not the result of any negligence on the part of the defendant or its. employees, but rather of her own negligence or mistake, the court erred in refusing to grant a new trial.

Argued June 19, — Decided July 20, 1901.

Action for damages.    Before Judge Nottingham.    City court of
Macon.    January 26, 1901.

*Hall & Wimberly, J. E. Hall,* and *R. C. Jordan,* for plaintiff in.
error.    *Guerry & Hall,* contra.

LEWIS, J.    Mrs. C. E. Murray brought suit for damages against.
the Georgia Southern and Florida Railway Company.    Briefly
stated, her petition was as follows: On March 27, 1900, petitioner·
boarded a train of the defendant at a station on its line of railroad
in Houston county, known as Welston, intending to return to her·
home in Bibb county, and the conductor collected from her the
amount of her fare from Welston to Macon.    At the time she no--
tified the conductor that she desired to leave the train at a point
near the limits of the city of Macon known as "the junction," which
is the place where the tracks of the defendant connect with those.
of another railroad, and the conductor agreed to stop the train at.
that point for petitioner to get off.    The defendant was in the.
habit of receiving and discharging passengers at "the junction."
The train stopped when it reached the point where petitioner de--
sired to leave it, and where the conductor agreed that he would
give her an opportunity to leave it, and she attempted to get off;.
but while she was in the act of stepping from the car, holding in
her arms her little grandchild by whom she was accompanied, the
train was suddenly, violently, and rapidly started forward without·

any notice to petitioner, and she was thrown violently to the ground, receiving injuries as set forth in the petition, and for which she seeks to recover.    The answer of the defendant company was a general denial of all the allegations of the petition, and upon this issue the case went to the jury, who found a verdict for the plaintiff for $750.    The defendant made a motion for a new trial, to the overruling of which it excepts.    The motion contains many grounds, but a proper determination of the case requires only that we consider the general grounds, that the verdict was contrary to law and the evidence.    There is some conflict in the testimony of the plaintiff herself as to just where she was on the train when it started forward, and her own words raise a strong suspicion that she was negligent in attempting to alight from the train with a child after the train had started forward.    But be that as it may, the uncontradicted evidence on other points completely defeats her right to a recovery, under the evidence as contained in the record.    It is claimed by the plaintiff that she asked the conductor to let her off of the train "at the junction," and the conductor agreed to do so. It was proved that the point at which the plaintiff attempted to alight was more than one hundred yards from what was known by the defendant and its employees as "the junction," where she had asked to be let off; and that the stopping of the train was only momentary, to allow time for a switch to be set.    It was plainly her duty to wait, before attempting to get off, until the train reached the point where she had asked to be discharged, or at least until it reached one of the regular places for discharging passengers.  Failing in this, she must be held to have assumed the risk of whatever accident befell her.    The railroad company certainly can not be held responsible for the results of her attempt to alight from the train at a point short of her destination and distant from any station or stopping-place, nor can it be justly held that a momentary stopping of the train for switching purposes was an invitation to her to alight, such as would excuse her negligence.    No act of negligence on the part of any of the agents or employees of the defendant company is disclosed by the record.    The conductor had no notice that the plaintiff would attempt to alight before reaching the junction, nor was he chargeable with such notice.    Taken all together, the evidence demanded the conclusion that whatever injuries the plaintiff sustained were due to her own fault, rather than

to any negligence of the defendant; and the overruling of the motion for a new trial was therefore error.

*Judgment reversed. All the Justices concurring.*