## LINDSAY v. SOUTHERN RAILWAY COMPANY.

Though it may not, under all circumstances, be an act of negligence to alight from a moving train, yet where a passenger, when the train upon which he was riding was moving away from the station of his destination, "went out on the platform and got on the steps of the car, . . moved down the steps, put one foot off, and swung himself in a position to get off," but was not "able, in the position in which he was then placed, to step on the ground," and, while in this position, discovered a telegraph post near the track, "and perceiving that if he undertook to recover himself and get back on the train he would strike said post, and perhaps fall under the train, turned loose and was thrown to the ground," and in consequence received physical injuries, he was not entitled to hold the railway company liable therefor.

There was no error in sustaining a demurrer to the plaintiff's petition.

Argued February 10, — Decided March 11, 1902.

Action for damages. Before Judge Reid. City court of Atlanta. March 11, 1901.

*Hoke Smith & H. C. Peeples*, for plaintiff, cited: 81 *Ga.* 273, 275–6; 96 *Ga.* 42; 99 *Ga.* 308; 113 *Ga.* 298; 79 *Ga.* 463; 45 *Ga.* 288; 19 So. Rep. 309; 46 Ark. 423; 99 Cal. 366, s. c. 33 Pac. Rep. 213; 104 Ill. 223; 152 Ill. 131; 119 Ind. 542, s. c. 12 Am. St. R. 443; 61 Iowa, 555, s. c. 18 Am. & Eng. R. Cas. 156; 40 Pac. 919; 61 Md. 53, s. c. 18 Am. & Eng. R. Cas. 182 and notes, 178, 188; 56 N. W. 14; 43 N. W. 1, 114; 110 Mo. 335; 56 N. W. 808; 45 N. E. 936; 59 S. W. 874; 24 So. 466; 6 So. 697; 26 So. 466; 147 U. S. 571; 59 S. W. 23; 97 *Ga.* 727; 81 *Ga.* 620; 14 So. 734; 1 Fetter, Carriers, 164, 165, and citations.

*Dorsey, Brewster & Howell* and *Sanders McDaniel*, for defendant, cited: Hutch. Car. (2d ed.) §§ 617, 643; 81 *Ga.* 476; 87 *Ga.* 766; 103 *Ga.* 570; 108 *Ga.* 304; 92 Va. 327, s. c. 7 Am. Neg. Cas. 56; 6 So. Rep. 916; Shear. & Redf. Neg. § 520; 50 *Ga.* 353; 60 N. W. Rep. 1091; 83 *Ga.* 347; 85 *Ga.* 504; 82 *Ga.* 229; 103 N. Y. 437; 5 Am. Neg. Cas. 261.

Fish, J. The plaintiff brought suit, based upon an attachment, against the Southern Railway Company, to recover damages for personal injuries, alleged to have been sustained by him in consequence of the negligence of the defendant. The petition made the following case: The plaintiff boarded the train of the defendant at Montevallo, Ala., a station of the defendant, for the purpose of going to Birmingham Junction, another station on the defendant's line, and paid the fare between those points to the conductor. When the train had about reached the station of his destination "and was slowing up, petitioner got up out of his seat and started toward the door for the purpose of leaving the train, the train at that time being backing slowly from Montevallo to Birmingham Junction." "As petitioner was going through the door of the car, the engine was reversed and started forward." He "went out on the platform and got on the steps of the car, . . going quickly." He "moved down the steps, put one foot off, and swung himself in a position to get off. At that time the train was going slowly, but petitioner found it was not stopping, and realized that it was not going to stop, and saw a telegraph-post near the track just ahead of him, and perceiving that if he undertook to recover himself and

get back on the train he would strike the post, and perhaps fall under the train, he turned loose and was thrown to the ground, not being able in the position in which he was then placed to step on the ground," and thus sustained certain described injuries. "Petitioner would not have left the train at the time he did, if he could have recovered himself after starting to step off, and was in the exercise of ordinary care." The petition alleged "that the defendant was negligent and guilty of neglect of the duty it owed petitioner as its passenger, in not stopping the train at Birmingham Junction and giving him an opportunity to leave the same after it was stopped, and negligent in that its agents and servants did not observe that petitioner was in the act of getting off the train, and did not stop the train a sufficient length of time to enable [him] to get off." The defendant demurred to the petition, on the ground that no cause of action was set out therein. The court sustained the demurrer, and the plaintiff excepted.

In our opinion, the court did not err in sustaining the demurrer. It was apparent, from the allegations of the petition, that the plaintiff was guilty of gross negligence. As he was going through the door of the car, for the purpose of alighting from the train, the engine was reversed and started away from the station of his destination. He had no good reason, therefore, to believe that the train was going to stop for the purpose of allowing him to alight in safety; and apparently he apprehended that it would not, for he went to the steps quickly. Notwithstanding this, he went out on the platform and got on the steps of the car, "moved down the steps, put one foot off, and swung himself in a position to get off," but was not "able in the position in which he was then placed to step on the ground." It seems clear, from the allegations of the petition, that the plaintiff undertook to alight from a train which was moving away from the station to which he had paid his fare, at a place where he could not step off on the ground, but, in order to land upon his feet, was compelled to swing himself down from the moving car, in an obviously perilous position. While in this dangerous position, swinging down from the platform, or steps, of a moving car, he "saw a telegraph-post near the track just ahead of him, and perceiving that if he undertook to recover himself and get back on the train he would strike said post, and perhaps fall under the train, he turned loose and was thrown to the ground, not being

able in the position in which he was then placed to step on the ground." Alighting from a moving train may or may not be gross negligence, according to the attendant circumstances. The mere act of alighting from a train which is in motion is not, per se, negligence; but it is negligence to attempt to alight at a time or under circumstances when the danger of being injured is obviously great. This obvious danger may arise from various circumstances, such as the speed at which the train is moving, the nature of the ground where the person seeks to alight, the distance from the lower step of the platform to the ground, the position in which the person leaving the train places himself in his efforts to alight safely, and other circumstances. In the present case, we think it is apparent, from the allegations of the plaintiff's petition, that his injuries were caused by his own voluntary act in taking an obviously dangerous risk; and this being so, no cause of action was set forth. *Barnett* v. *East Tenn. Ry. Co.*, 87 *Ga.* 766; *Jones* v. *Georgia, Carolina & Northern Ry. Co.*, 103 *Ga.* 570.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*