8035

BOUCHILLON v. CHARLESTON AND WESTERN CAROLINA
RAILWAY CO.

1. RAILROADS—WILFULNESS.—Running an engine backwards, which ran
equally well both ways, pulling a work train on a straight track on
a road lately inspected and supposed to be in good condition thirty-
five or forty miles an hour is no evidence of itself of wilfulness,
wantonness or recklessness.

2. IBID.—MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—CONSTITU-
TIONAL LAW—WAIVER.—Where an employee of a railroad company
leaves the place provided for him on the train, without any call of
duty or necessity or direction from a superior officer, and voluntarily
places himself in a position of obviously greater peril or one known
to be more dangerous, and in consequence thereof is injured, even
though by the negligence of the company, if it appears that such
act of the employee was one proximately contributing to his injury,
and without which the same would not have occurred, such act must
be held as in the case of a passenger an act of contributory negli-
gence which would defeat any right of recovery otherwise existing.
Even if there were evidence of waiver by the company of the rule
forbidding an employee to ride on the engine, this would not neces-
sarily affect the question of contributory negligence under the facts
and circumstances.
Article IX, section 15, applies to assumption of risks by an employee
and has no reference to the question of contributory negligence here
presented.

Before WATTS, J., Abbeville, March term, 1911.
Affirmed.

Action by H. M. Bouchillon, administrator of Strong
Bouchillon, against Charleston & Western Carolina Ry. Co.
Plaintiff appeals.

*Messrs. Wm. N. Graydon* and *C. J. Perryman,* for
appellant.

*Mr. Graydon* cites: *Running a train backward at a rapid
rate of speed carries the issue of wilfulness to the jury:* 66

S. C. 77; 74 S. C. 135; 63 S. E. 515; 65 S. C. 444; 2
Thomp., sec. 1873. *Contributory negligence is no defense
to a wilful tort:* 64 S. C. 494; 73 S. C. 467; 85 S. C. 463.
*Verdict should only be directed when evidence points one
way:* 73 S. C. 58; 42 S. C. 28; 66 S. C. 283; 67 S. C. 224;
71 S. C. 427. *Whether the track was safe was for the
jury:* 51 S. C. 222; 86 S. C. 300; 88 S. C. 453. *Under arti-
cle IX, section 15, this action should not be defeated by plea
of contributory negligence:* 86 S. C. 300; 82 S. C. 299.
*Waiver of rule by master is for the jury:* 78 S. C. 352.

*Messrs. F. B. Grier* and *W. P. Greene,* contra.

*Mr. Grier* cites: *It being the duty of deceased to keep
track in repair it is doubtful if a defective track can be
charged as negligence:* 61 S. C. 494. *Running backward
at high rate of speed is not evidence of negligence:* 34
S. C. 451; 7 S. C. 408; 81 S. C. 203. *Deceased in exercis-
ing his choice to go on the engine voluntarily went to a dan-
gerous place:* 81 S. C. 100; 95 U. S. 506; 37 S. E. 439.
*There being no issue of fact Court properly directed a ver-
dict:* 58 S. C. 495; 77 S. C. 344; 81 S. C. 100. *Article IX,
section 15 of the Constitution, does not deprive the defend-
ant of the defense of contributory negligence:* 61 S. C. 470.
*Engineer not required to put deceased off the engine:* 23
S. C. 539. *Nothing here requiring violation of rule by
deceased:* 82 S. C. 542.

*Mr. Wm. P. Greene* cites: *Was it error to direct verdict
on ground of contributory negligence:* Labatt on M. & S.,
948-9, 951; 53 Am. R. 619; 10 S. E. 422; 13 S. W. 656;
12 S. W. 720; 88 N. W. 976; 70 S. C. 252; 20 So. 134;
37 S. E. 440; 17 A. & E. R. R. 616; 14 At. 735; 24 L.
ed. (U. S.) 507; 66 S. E. 776; 27 So. 646; 10 So. 277;
71 S. C. 335; 81 S. C. 110. *Nonsuit properly granted as to*

*cause of action for punitive damages:* 81 S. C. 110; 61 S. C. 494; Lab. M. & S. 1369, 1823-5; Sec. 633.

November 15, 1911. The opinion of the Court was delivered by

Mr. Chief Justice Jones. This was an action to recover actual and punitive damages alleged to have been suffered by reason of the death of the plaintiff's intestate, averred to have been caused by the negligence, wilful, wanton and reckless acts of the defendant set forth in the complaint. At the close of the evidence on behalf of the plaintiff, a motion for a nonsuit on the cause of action for punitive damages was granted, and, at the conclusion of the entire testimony, the presiding Judge directed a verdict for defendant upon the cause of action for compensatory damages, upon the ground that the evidence established the fact that the death of the plaintiff's intestate was the result of contributory negligence on his part.

The plaintiff now appeals to this Court, charging error both in the granting of the order of nonsuit as to the cause of action for vindictive damages and in the direction of a verdict upon the issue as to actual damages.

While the exceptions are numerous and lengthy, they appear to present but three questions for determination, and these propositions alone are presented to this Court in the argument. The appellant here contends:

(1) That there was evidence to go to the jury upon the cause of action based upon the allegations of wilfulness and recklessness.

(2) That there was error in the holding that no other reasonable inference could be drawn from the evidence but that the injury and death of plaintiff's intestate was due to his own contributory negligence.

(3) That the act of negligence on the part of said intestate held by the Court to have contributed to his death consisted in a violation of a rule of the defendant company,

as to which there was evidence to go to the jury of a waiver by the defendant of such rule.

The evidence shows that the intestate was in the employ of the defendant as a member of a train crew engaged in the work of keeping in repair the track and roadbed of the defendant's railroad, his position being that of engineer of a hoisting engine placed upon a flat car by which was operated a ditching machine. The train consisting of the flat car containing the hoisting engine and tender, four shanty cars for the transportation and use of the employees engaged in the repair of the tracks, among whom was included the plaintiff's intestate.

When this work train was being used for the transportation of the employees of defendant to the scene of their labors upon defendant's track, the assigned place of said intestate was in one of the shanty cars and he had no duties to perform nor work to be done upon the occasion in question requiring him to go upon the engine by which this train was drawn. Furthermore, the rules of the company, then known to the plaintiff's intestate, forbade his riding upon the engine and he had been warned that it was dangerous and had been expressly forbidden to ride upon the same.

Upon the day he was killed, the plaintiff's intestate boarded this work train, going first into the shanty car where he belonged and where he remained until the train had proceeded for some distance toward the place at which the work was to be done, after which interval and before such destination had been reached he climbed over the top of the other cars and went into the cab of the engine drawing the train, such action on his part being entirely voluntary and without any call of duty or necessity requiring it. This engine, running equally well either way, was then running backward and pulling the train of shanty cars, but the evidence is uncontradicted that there is no more danger upon a straight track in running such an engine backward than forward.

A short time after the plaintiff's intestate had thus gone upon the engine, where he went of his own volition, without invitation and for his own private reasons, the work train left the track, and, being then upon the engine, he received injuries in this derailment which resulted in his death. As it appears that the shanty cars were not derailed or otherwise injured in this accident and no one in those cars received any hurt whatsoever, it is evident that the death of the plantiff's intestate was due to the fact that he was not in his proper place upon the train.

There was evidence tending to show that the derailing of the engine was caused by a low joint in the rails upon the track, but there was no evidence that this defective condition was known to the defendant or any of its agents prior to the occurrence. The track had been recently inspected and had been put in good condition a few days before. There was also testimony which tended to establish the fact that the work train in question, shortly before the happening of the wreck, was traveling at a high rate of speed, fixed by some of the witnesses at thirty-eight miles an hour, but there is no witness who states the rate of travel at the very point in question as exceeding ten or fifteen miles an hour.

The act of wilfulness and recklessness on the part of the defendant being alleged to consist in the running of this train at a high rate of speed over a defective track, it is apparent that neither wilfulness nor recklessness can be said to be inferable from this testimony, unless there be evidence tending to show either knowledge by the defendant of the unsafe condition or some other conscious disregard of duty by the defendant's agents, either in failing to repair the track at the point in question or in running the engine at an unsafe rate of speed. As to these matters, there is nothing appearing in the record which tends to show knowledge by the defendant, prior to the accident, of any unsafe condition of the track nor any tes-

timony going towards proving that the train was being run at an unsafe or reckless rate of speed at the time of the occurrence in question. The fact that a train was being operated at a high rate of speed at the time, if it were made to appear, would not alone be sufficient to show either wilfulness or recklessness, in the absence of evidence that such speed was obviously dangerous under the facts and circumstances as they then appeared to the agents and servants of the defendant in charge of such train. But the evidence was that the track at the point in question was straight, and that, upon such a track, in good condition as it was then supposed to be, it was reasonably safe to operate such a train, with the engine running backward, at a rate of speed of thirty-five or forty miles an hour.

Without further rehearsing the evidence, therefore, it appears that there was an entire lack of proof to establish either a conscious failure to observe due care or a reckless disregard of safety in the operation of the train in question. There being thus no evidence to support the allegation of wilfulness, wantonness and recklessness, or either of them, it must be concluded that there was no error by the presiding Judge in granting the motion for a nonsuit upon the cause of action for punitive damages. On the contrary, in the absence of such evidence, it would have been reversible error on the part of the Circuit Judge had this motion been refused. *Trimmier* v. *R. R.,* 81 S. C. 203, 62 S. E. 209.

Conceding that there was some testimony tending to show negligence on the part of the defendant, even though it be but a *scintilla* of evidence, the Circuit Judge directed a verdict in favor of the defendant upon the cause of action for actual damages, upon the ground that there was no evidence in the case upon which any other conclusion could be reached by the jury than that the death of plaintiff's intestate was due to his own contributory negligence.

As to the complaint of error in this ruling and direction of verdict, it is to be remarked that, from the facts already recited and from the evidence contained in the entire record, which has been carefully examined, it incontestably appears that the injury and death of the intestate was the result in part of his own negligent act in going to a place of great danger upon the engine, away from the place provided by his employers upon the cars and in violation of the rules of his employment, without necessity and without pretense of any call of duty or necessity. Had he remained in the car provided for his transportation, no injury would have befallen him; and it is thus apparent that his negligent act in going to a place of greater danger was a proximate cause of the injury which befell him and without which it would not have occurred. It is immaterial by what testimony the fact of such contributory negligence was made to appear, whether it be by that introduced on behalf of the plaintiff or that offered on the part of defendant, since it does appear from the entire evidence in the cause that no other reasonable conclusion could be reached by the jury, except that the injury and death was the result of his own negligence, combining and concurring with that of the defendant, and being a proximate cause of the injury and damage in question. *McLean* v. *R. R.*, 81 S. C. 100, 61 S. E. 900; *Lyon* v. *R. R.*, 77 S. C. 329, 58 S. E. 328; *Jarrell* v. *R. R.*, 58 S. C. 494, 36 S. C. 910.

As to the point raised by the exceptions that there was evidence of waiver by the defendant of the rule prohibiting employees to ride on the engine, and that therefore there was error by the Circuit Court in directing the verdict, it is to be remarked that, assuming there was evidence of such waiver, this would not necessarily affect the question of contributory negligence under the facts and circumstances. Even if there had been no such rule of the defendant company, the evidence shows that the plaintiff's intestate was guilty of contributory negligence in leaving the compara-

tively safe place provided for him by the master, without any necessity and not in the performance of his duty, and going into a place of known and obviously greater danger. He had been told that it was dangerous to ride on the engine and the evidence shows that he must have been conscious of the greater danger involved in his being there. The rule is applied in the case of passengers, where one voluntarily rides in a place of obvious danger, without any necessity or emergency requiring it, where he knows or by the exercise of ordinary care should have known that he is not in the place provided for him, that such passenger is guilty of contributory negligence and cannot recover if his act does contribute to his injury as a proximate cause thereof. *McLean* v. *R. R., supra.*  No distinction upon this point can be shown between the case just cited and the one at bar, unless it be found in the fact that in this case the person injured was an employee and not a passenger. The employee here placed himself in a situation of greater danger entirely of his own volition, without even invitation from any agent of the defendant, leaving the comparatively safe place provided by his employer and going to a place of obviously greater danger and known by him to be such more dangerous position. It cannot be doubted that this act contributed directly to his injury, as a proximate cause thereof and without which the danger would not have occurred. No reason has been shown or suggested why the same rule applied in the case of the passenger above cited should not also be applicable in this case to the employee. The same rule was applied to employees of a railroad company in the similar case of *R. R.* v. *Jones* (95 U. S.), 24 L. ed. 506; in the case of *R. R. Co.* v. *Myers,* 37 S. E. Rep. 439, and in many other cases which are cited in the argument of the respondent.

It is suggested in one of the exceptions that the defendant company is precluded by the provisions of article IX, section 15 of the Constitution of this State from interposing

the defense of contributory negligence in this case; but this suggestion is without force as that provision applies only to the defense of assumption of risks by an employee of a railroad company and has no reference to the question of contributory negligence here presented. See *Bodie* v. *R. R.*, 61 S. C. 468, 39 S. E. 715.

There is, therefore, no reason, either in the nature of the case or in the constitutional provision mentioned, for the adoption in the case of an employee upon a railroad train, of a rule as to the effect of contributory negligence, different from that applied in the case of a passenger upon such train; and it must, therefore, be held that where an employee leaves the place provided for him on the train, without any call of duty or necessity or direction from a superior officer, and voluntarily places himself in a position of obviously greater peril or one known to be more dangerous, and in consequence thereof is injured or killed, even though by the negligence of the railroad company, if it appears that such act of the employee was one proximately contributing to his injury or death and without which the same would not have occurred, such act must be held as in the case of a passenger an act of contributory negligence which would defeat any right of recovery otherwise existing.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.