8767

TALBERT v. CHARLESTON & W. C. RY. CO.

(81 S. E. 182.)

CARRIERS AND PASSENGERS. ACCOMMODATIONS ON TRAINS. PERSONAL
    INJURY. PROXIMATE CAUSE. CONTRIBUTORY NEGLIGENCE.

1. A carrier under its contract of carriage is bound to furnish passen-
   gers with seats, and if the failure to do so is under circumstances
   showing that the carrier had every reason to know that the accom-
   modations were insufficient, and due to wilful and reckless indiffer-
   ence to the rights of the passengers, a recovery of punitive dam-
   ages can be had.

2. Where a passenger, while standing upon the bottom step of a pas-
   senger coach and swinging out beyond the line of the cars and look-
   ing backwards through curiosity, was injured by being struck by a
   car standing upon a sidetrack, the proximate cause of the injury was
   not any negligence of the carrier in failing to furnish seats, but his
   own contributory negligence.

3. Where a boy 19 years old left the inside of a passenger coach, where
   he had standing room, and went out on the platform, and was injured
   while swinging out from the lower step by being struck by a car
   standing on a sidetrack, he was guilty of contributory negligence
   precluding recovery.

4. Though the negligence of a carrier in failing to provide seats inside
   a passenger car compelled a passenger to stand upon the platform,
   yet where the passenger placed himself in a position of obviously
   greater danger by going to the lower step, swinging out and look-
   ing backwards, and was struck by a car standing upon a sidetrack,
   he could not recover.

Before SHIPP, J., Edgefield, October, 1912.   Affirmed.

Action by John Wilbur Talbert, by guardian *ad litem,*
Beatrice Talbert, against the Charleston & Western Caro-
lina Railroad Company. From a judgment for defendant,
plaintiff appeals.

*Messrs. Thurmond & Nicholson,* for appellant, cite: *The
Georgia law which governs case declared in:* 53 S. E. 575;
48 S. E. 681; 17 Wis. 487; 84 Am. Dec. 758; 36 N. Y.
Supp. 378.   *Unless danger is obviously great Court cannot
hold that a given act precludes recovery:* 64 S. E. 297; 56
S. E. 750; 47 S. E. 570.   *Duty toward passenger:* 60 S. E.

278; 44 S. E. 1005; 92 Ga. 388. *Doctrine of comparative negligence:* 39 S. E. 308; Georgia Code, sec. 2781; 51 S. E. 343; 13 S. E. 105; 48 S. E. 149; 74 S. E. 778. *Anticipation of another's negligence:* 16 S. E. 958; 31 S. E. 90; 30 S. E. 565. *Presumptions against carrier:* Georgia Code, sec. 2780; 66 S. E. 947; 95 Ga. 738; 22 S. E. 660. *The South Carolina practice applies to motion for nonsuit here:* 91 S. C. 445; 66 S. C. 482.

*Mr. F. B. Grier,* for respondent, cites: *Passenger's injury was due to his being out of his place:* 138 Ga. 32; 74 S. E. 778; 85 Ga. 507; 11 S. E. 832; 130 Ga. 455; 60 S. E. 1045; 76 Ga. 333; 124 Ga. 246; 52 S. E. 651; 82 Ga. 653; 11 S. E. 872. *Passengers out of place in railroad yards:* 7 Ga. App. 344; 66 S. E. 1030; 112 Ga. 668; 37 S. E. 861; 6 Ga. App. 456; 65 S. E. 313; 11 Ga. App. 313; 75 S. E. 572; 4 Elliott R. R., pars. 1630-1633. *Passenger leaning from car and striking obstruction cannot recover:* 85 Ga. 653; 11 S. E. 872; 120 Ga. 225; 47 S. E. 570; 114 Ga. 896-897; 41 S. E. 46; 90 Ga. 819; 22 S. E. 841; 130 Ga. 455; 60 S. E. 1045; 133 Ga. 525; 66 S. E. 269; 4 Ga. App. 354; 61 S. E. 511; 138 Ga. 32; 74 S. E. 778; 130 Ga. 779; 61 S. E. 826; 124 Ga. 243; 52 S. E. 651; 128 Ga. 478; 57 S. E. 877; 108 Ga. 304; 32 S. E. 880; 122 Ga. 368; 50 S. E. 121; 122 Ga. 266; 50 S. E. 99. *Present action duplicated by:* 86 Minn. 224; 90 N. W. 360; 57 L. R. A. 639; see also, 73 N. E. 552; 166 Mass. 220; 44 N. E. 126; 61 S. E. 901. *In Georgia a carrier is not an insurer of passengers:* Ga. Code, pars. 2714 & 2729; 117 Ga. 923; 43 S. E. 990; 38 Ga. 409; 121 Ga. 27; 48 S. E. 681; 110 Ga. 681; 36 S. E. 209; 123 Ga. 90; 50 S. E. 92; 110 Ga. 121; 35 S. E. 283; 119 Ga. 523; 46 S. E. 655; 5 Ga. App. 219; 62 S. E. 1020; 95 Ga. 736; 22 S. E. 658; 113 Ga. 1021; 39 S. E. 427; 138 Ga. 32; 74 S. E. 778; 50 Ga. 353; Hutch. Carriers (3d ed.), sec. 1198; 1 Ga. App. 491; 85 Ga. 507; 11 S. E. 832. *In Georgia, obvious dangers close to track that can be seen must be seen and*

*avoided:* Ga. Code, sec. 4426; 88 Ga. 210; 14 S. E. 199; 112 Ga. 762; 38 S. E. 790; 92 Ga. 723; 18 S. E. 976; 6 Ga. App. 462; 65 S. E. 297; 96 Ga. 819; 23 S. E. 841; 114 Ga. 896; 41 S. E. 46; 103 Ga. 570; 29 S. E. 927. *Passengers taking chances of obvious risk:* 124 Ga. 243; 52 S. E. 651; 108 Ga. 304; 32 S. E. 880; 130 Ga. 779; 61 S. E. 826; 128 Ga. 478; 57 S. E. 877; 120 Ga. 225; 47 S. E. 570; 76 Ga. 333; 122 Ga. 266; 50 S. E. 99; 135 Ga. 12-16; 68 S. E. 789; 4 Ga. App. 454; 61 S. E. 511; 130 Ga. 455; 133 Ga. 525; 66 S. E. 269; 131 Ga. 157; 62 S. E. 64; 136 Ga. 873; 72 S. E. 403; 122 Ga. 368; 81 Ga. 476; 122 Ga. 266; 10 Ga. App. 180-181; 73 S. E. 25; 11 Ga. App. 121; 74 S. E. 854; 78 Ga. 694-5; 3 S. E. 397; 101 Ga. 400; 29 S. E. 304. *Negligence alleged was not proximate cause of plaintiff's injury:* 67 S. C. 291; 38 S. C. 282; 58 S. C. 491; 81 S. C. 100; 80 S. C. 1; 86 S. C. 69; 75 S. C. 375; 120 Ga. 225.

March 25, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This case was tried before Judge Shipp at the October term of the Court for Edgefield county, 1912, and was a complaint by plaintiff against the defendant for alleged personal injuries sustained by him while traveling as a passenger on the defendant's train from McCormick to Augusta, Ga., during a fair in Augusta. The alleged injury occurred in Augusta, Ga., and the case was tried under the laws of the State of Georgia. After the plaintiff had closed his testimony, the defendant made a motion for nonsuit, which at that time was refused, but after the defendant offered part of its testimony the nonsuit was granted. Plaintiff appeals.

The grounds of appeal, five in number, impute error on the part of his Honor in granting nonsuit; the contention of the plaintiff being that the plaintiff's conduct, on the occasion of his injury, was not negligence *per se,* and involved

questions of fact, under all of the circumstances, that should have been submitted to the jury for determination. Let us see what the undisputed and uncontradicted facts show. The evidence shows that on November 9, 1911, the plaintiff, who was 19 years old, purchased a ticket and return from McCormick, S. C., to Augusta, Ga.; that he boarded the defendant's train at McCormick, S. C., and took a seat in passenger coach with Jaro and remained in that seat until he got to Clark's Hill, when he left the same to get a drink of water; that the train was crowded with passengers at that time going to the fair, and, after Talbert vacated his seat to get a drink of water, some one took it. Talbert remained standing in the aisle in the forward end of the coach near the stove. There was standing room for him in the coach, though it was crowded, but Talbert says that it was more comfortable outside, and for this reason he rode part of the way on the outside on the platform of the coach and held onto the door at times, and when conductor opened the door held onto the railing. After the train left Sibley Mills and was slacking up to stop, Talbert went from the platform down on the steps of the car and leaned out beyond the line of the coach looking backwards. He testifies his purpose was to ascertain if the train had left Sibley Mills; that he had been to Augusta before and knew the location. It was within the company's yard in the city of Augusta. It is alleged in the complaint that his head was from six to ten inches beyond the line of the coach. In his testimony he states that he was standing on the steps leaning out beyond the line of the coach looking backwards, when his head struck against a car, which was standing on the sidetrack, which train was then passing. One of plaintiff's witnesses testified that he saw plaintiff on the ground just after the injury, and that there was sufficient room between the freight car and passenger car on the main line for him to stand, and says: "I believe I could have stood very safely. There was clearance room for the cars to pass." No one

measured the distance between the cars, but it is clearly established that there was sufficient room for safe clearance. There was testimony that there was room in the smoker, and in there no one was required to stand. Other passengers were standing on the platform with plaintiff, and no one was hurt except Talbert, and at the time of his injury he was on the lower step, leaning out, looking backwards, with his head beyond the line of the car.

While it is the law and it was the duty of the defendant, the carrier, to furnish the passengers with seats, and a failure to do so would furnish the passengers a suit for damages for breach of contract, and a failure on the part of the carrier to furnish seats for passengers, under circumstances which show the carrier had every reason to know that the accommodations furnished were not sufficient, will furnish ground enough to sustain an action for punitive damages, if the failure is due to wanton, wilful, or reckless indifference to the rights of passengers (*Cave* v. *Seaboard Air Line Ry.*, 94 S. C. 282, 77 S. E. 1017), yet this failure on the part of the defendant, if there was a failure and negligence on its part in this particular, in nowise contributed as a direct and proximate cause to plaintiff's injury, for the evidence shows that he could have been safe, even though if made uncomfortable by remaining standing in the car, or even on the platform; but the evidence shows that he left a safe place and descended to the lowest step, not being invited to do so, and no call for a station, and no invitation to alight. Even then he would have been safe if he had not negligently leaned out with his head beyond the line of the car looking backwards. This negligence on his part was the sole and direct and proximate cause of his injury. No other reasonable inference can be drawn from the evidence but that the injury to the plaintiff was due to his own contributory negligence. He left the coach provided for passengers; had he remained there, he would have been safe. He went on the platform; had he remained there, he would have

been safe.　He descended the steps and stood on the lowest step in the company's yard; had he even then exercised due care and precaution, he would not have been injured, but he poked his head out beyond the line of the cars and looked backwards instead of forward, and was injured.　His whole action was careless and negligent, and showed a total absence of care and precaution on his part.　Where one voluntarily places himself in a position of obviously greater peril or one known to be more dangerous, and in consequence thereof is injured, even though by negligence of the company, if it appears that such act of employee or passenger was one approximately contributing to his injury, and without which the same would not have occurred, such act must be held an act of contributory negligence, which would defeat any right of recovery.　*Bouchillon* v. *Railway Co.*, 90 S. C. 42, 72 S. E. 634, Ann. Cas. 1913D, 1. But it was urged by the appellant that this case was tried under the Georgia law, and his Honor overlooked and disregarded the law of comparative negligence.　There is nothing in the evidence that shows that any negligence on the part of the defendant in any manner contributed as a proximate cause to plaintiff's injury, but the testimony shows that the plaintiff's own carelessness and negligence was the sole cause of his injury.　Had he remained in the place provided for him, he would have been safe, even though, according to his evidence, crowded and uncomfortable.　According to the law of Georgia, the railroads have the exclusive use of their switch yards, and the public are warned to keep out of them, and it is not to be expected that passengers or others, other than the employees, who have a right there in the course of their employment, will venture out of the passenger cars into the railroad yard in use for making up and shifting their trains, and not for the purpose of receiving and discharging passengers.　*Waldrep* v. *Georgia R. R.*, 7 Ga. App. 342, 66 S. E. 1030; *Grady* v. *Georgia R. R.*, 112 Ga. 668, 37 S. E. 861; *Georgia R. R.* v.

*Fuller,* 6 Ga. App. 456, 65 S. E. 313; *Williams* v. *Southern Ry.,* 11 Ga. App. 313, 75 S. E. 572.

"A passenger riding on the steps of the platform of the car and swinging out is negligent and cannot recover for injuries received." 4 Elliott on R. R., pars. 1630-1663.

The rule of law as declared by the Georgia Courts is that a passenger on the steps of the platform of the car, who leans out and allows, as it were, his center of gravity to go beyond the line of the car from the platform steps, so that if he discovered an obstruction in the way he cannot recover himself, but falls off and is injured, he cannot recover. *Paterson* v. *Central R. R.,* 85 Ga. 653, 11 S. E. 872; *Lindsay* v. *Southern Ry.,* 114 Ga. 896, 41 S. E. 46; *Simmons* v. *S. A. L.,* 120 Ga. 225, 47 S. E. 570, 1 Ann. Cas. 777; *Johns* v. *R. R.,* 133 Ga. 525, 66 S. E. 269; *Southern Ry.* v. *Nappier,* 138 Ga. 32, 74 S. E. 778.

It is said in *Benedict* v. *Minneapolis & St. Louis R.,* 86 Minn. 224, 90 N. W. 360, 57 L. R. A. 639, 91 Am. St. Rep. 345: "While it is the absolute duty of a railway carrier of passengers to provide a safe and secure place for its patrons to ride within its cars, when such duty is performed the passenger has no right to voluntarily extend his person beyond the line of the moving car, or ride upon its platform; and if he does so, and injury follows, no recovery can be had therefor. Where a carrier of passengers by steam permits its car to be overcrowded, and required its passengers to ride on the platform, it cannot excuse itself for injuries from such cause; but if a passenger, while riding on the platform, negligently extends his person beyond the car line from curiosity, his act in that respect must be regarded as negligent." In the same case the Court further says: "The high degree of duty to patrons exacted of carriers of passengers has been generally regarded as fulfilled with reference to the outside arrangements at such places, where a safe and secure place has been provided within its cars for their occupation. Hav-

ing done this, the carrier is not required, in maintaining adjoining structures, to guard against the anticipated carelessness of those who are in no danger so long as they remain in the place of safety which the carrier has furnished. The customary method of constructing tracks, building bridges, and running trains in railroad yards render any exposure of a person beyond the car line imminently hazardous; hence there must arise a presumption in behalf of the carrier, when injury arises from such exposure, that the conduct of its business in this respect is not negligent, and imposes upon the injured party the burden of showing that it was otherwise in any particular case."

In *Georgia, Southern & Florida Railroad v. Murray*, 113 Ga. 1021, 39 S. E. 427, the Court says: "It was proved that the point at which the plaintiff attempted to alight was more than one yard from what was known by the defendant and its employees as 'the junction' where she had asked to be let 'off;' and that the stopping of the train was only momentary, to allow time for the switch to be set. It was plainly her duty to wait, before attempting to get off, until the train reached the point where she had asked to be discharged, or at least until it reached one of the regular places for discharging passengers. Failing in this, she must be held to have assumed the risk of whatever accident befell her. The railroad company certainly cannot be held responsible for the results of her attempts to alight from the train at a point short of her destination and distant from any station or stopping place, nor can it be justly held that a momentary stopping of the train for switching purposes was an invitation to her to alight, such as would excuse her negligence. No act of negligence on the part of any of the agents or employees of the defendant company is disclosed by the record. The conductor had no notice that the plaintiff would attempt to alight before reaching the junction, nor was he chargeable with such notice. Taking all together, the evidence demanded the conclusion that whatever injuries

the plaintiff sustained were due to her own fault, rather than to any negligence of the defendant."

In *Paterson* v. *Central R. R.,* 85 Ga. 654, 11 S. E. 872, Paterson, a passenger, went out on the platform of the car and down the steps. After station was called and train slowing down to stop at Waynesboro, where Paterson lived, the train had to cross Whitaker street; there, as the train had to slow up, he intended to get off. While so standing on the steps of the platform at about the Whitaker street crossing, the train suddenly jerked forward, and Paterson was thrown into the street and injured. The Court says: "The injury complained of by the plaintiff in error was caused by his own fault or negligence, and not by the fault or negligence of the company. So we think the Court committed no error in sustaining the demurrer in this case."

By the Civil Code of Georgia, sec. 4426, we find the following that applies both as to employees and passengers as a rule: "If by the use of ordinary care the party injured could have avoided the injury caused by the alleged negligence of the railroad company, he is not entitled to recover."

In Sundy's case, 96 Ga. 819, 23 S. E. 841, the Court says: "The plaintiff's husband, an employee of the street railroad company, having been killed by coming violently in contact with a post very close to the track, while he was riding on the front end of an extra car upon which he was being sent to the relief of a disabled car of the company, and it appearing that at the time of the collision he was standing on the steps of the platform, leaning outwards and looking backwards underneath the car on which he was riding, and there being no evidence showing that he was then under any necessity or duty of being in this position, it does not affirmatively appear that he was free from negligence. Although the evidence warranted a finding that locating the post so near the track was a negligent act, it does not show that so doing was violative of any duty due by the company to the deceased at the time he was killed, and therefore this act was not, relatively to him, a negligent one; and, as no other

negligence was alleged or proved against the defendant, the plaintiff failed to establish that, so far as her husband was concerned, the company was negligent at all."

In *Lindsay* v. *Southern Ry.*, 114 Ga. 896, 41 S. E. 46, the plaintiff went out on the platform and on the steps, preparatory to alighting, when he discovered a telegraph pole, and fearing he would be struck, he turned loose, fell to the ground, and was injured. The Court held under these facts he could not recover, and that the railroad company was not liable therefor.

In *Simmons* v. *S. A. L. Ry.*, 120 Ga. 225, 47 S. E. 570, 1 Ann. Cas. 777, it was held that Simmons, who was a passenger, notified the conductor that he wanted to get off at Meldrim. On reaching Meldrim and seeing the train was moving from the station, he went to the platform and down the steps, and while in the act of stepping off, discovered baggage and obstructions in the way. The conductor signaled the train forward, and the engine jerked, and Simmons was thrown to the ground. Held, that he could not recover.

We think that, applying the facts as proven to the law of Georgia that the nonsuit was properly granted, the evidence fails to show any negligence on the part of the defendant that in any manner contributed to his injury as the proximate cause, but, on the contrary, that Talbert was injured by his own negligence and want of care on his part, and this negligence and want of care was the sole cause of his injury. There is no evidence in the case whereby a reasonable man could have drawn any other conclusion or inference.

All exceptions are overruled, and judgment affirmed.

Mr. Justice Gage did not sit in this case.

Footnote—As to the right of a passenger to a seat, see note in 22 L. R. A. 259.

Upon the liability to a passenger riding on platform of railroad car with knowledge of carrier, see note in 1 L. R. A. (N. S.) 1145.

On the question of riding on platform of railroad car as negligence, see note in 29 L. R. A. (N. S.) 325.