WATSON *vs.* THE GEORGIA PACIFIC RAILWAY COMPANY.

Where the evidence for plaintiff showed that she was transported to the depot to which she had purchased a ticket, but relied on a promise of the conductor to let her get off the train at a certain street crossing, as the train was going back from the depot to the railway yard, and, the train not being stopped at such crossing, she jumped from it while it was in motion and was injured, a nonsuit was properly granted.

(*a*) While she might possibly recover for a breach of the promise, she could not do so for the injuries sustained, which she could have avoided by ordinary care.  .

October 12, 1888.

Railroads.   Negligence.   Passengers.   Nonsuit.   Before Judge MARSHALL J. CLARKE.    Fulton superior court.    March term, 1888.

Mrs. Lou Ella Watson, a married woman, living with her husband, brought her action against the railway company for damages for a personal injury sustained by her while she, a passenger, was attempting to alight from defendant's cars.   On the trial, she proved that, on the evening of July 7, 1886, she received a telegram at Salt Springs, summoning her to the bedside of her mother, who, it informed her, was lying at the point of death.   She boarded the train of defendant early the next morning, accompanied by two small children, and asked the conductor if he would stop at Simpson street in Atlanta and put her off.   He promised to do so, but the train did not stop at that street on reaching it, but moved on to the passenger depot.   Her father jumped on the train at that street and accompanied her to the depot.   On arriving there, she started to

leave the train with her father and children, the other passengers having left the coach she was in, but the conductor, standing at the car steps, told her not to get off, as he had to back the train out, and would stop it for her at Simpson street crossing. She asked him when he would go back, and he replied, immediately, and at once signalled the engineer to pull out. She and her father and children remained in the coach, and the train was pulled slowly out to Simpson street crossing, but did not stop there; and finding that it did not, and being anxious to reach her mother, after the train had run some distance beyond Simpson street, her father stepped out, taking one of the children with him and commanding the other to stand on the car-step until he could take it off, put the first down and ran back and got the other safely off; and then the plaintiff undertook to step off, stepping from the car to the ground, in doing which she fell or was thrown, and was seriously injured. She did not see the conductor after she had the conversation with him at the depot.

At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, which was granted; and the plaintiff excepted.

GEORGE T. FRY, F. A. ARNOLD, JOHN G. COLDWELL and JOHN C. SMITH, for plaintiff, cited: 58 *Ga.* 461; 45 *Ga.* 288; 51 *Ga.* 489; 71 *Ga.* 714; 76 *Ga.* 780; Rorer R. 967; 9 Am. & Eng. R. Cas. 322, 412; 12 *Id.* 119; 6 Wait Act. & Def. 586.

JOHN L. HOPKINS & SONS, for defendant, cited: Hutch. Car. 617; 2 Redf. R. 261; 50 *Ga.* 353; 76 *Ga.* 508, 333; 71 *Ga.* 415; 5 S. E. Rep. 496; 12 Am. & Eng. R. Cas. 115; 1 *Id.* 240; Rorer R. 1091; 1 Shear. & Redf. Neg. 167; Patterson Rwy. Ac. 21; 38 *Ga.* 437; 74 *Ga.* 611; 77 *Ga.* 789; 76 *Ga.* 333.

The Western & Atlantic Railroad Co. *vs.* Jackson.

BLANDFORD, Justice.

We think the court below was right in nonsuiting this case. If the railroad company was liable to the plaintiff for anything, it was liable to her for damages for the breach of promise to let her off at Simpson street crossing. Whatever damages accrued to her by reason of the breach of that promise she might perhaps recover, but we do not decide whether she could or not. But she chose to bring her action for the injuries which she sustained; and we think her testimony clearly shows that she could have avoided the consequences to herself by the use of ordinary care. If she had just kept her seat in the car, she would not have been hurt. According to her testimony, she took the risk of getting off, and we think, as she took the risk, she must take the consequences. Her departure from the train, under the circumstances, showed no want of diligence on the part of the railroad company.

Judgment affirmed.