82 | 229
105 | 240

THE SAVANNAH, FLORIDA AND WESTERN RAILWAY COM-
PANY *vs.* WATTS.

The evidence for the plaintiff showing that he jumped from the train
when it was in motion, of his own accord, and just before it stopped
at the station which was his point of destination, and after he had
been notified by the conductor that the train was going to stop at
that station; and that the train did stop there, and if he had waited
a minute or two he could have got off without injury, the court
below should have granted a nonsuit; and after refusal to grant a
nonsuit, when the jury returned a verdict for the plaintiff, should
have granted a new trial.

March 1, 1889.

Railroads. Passengers. Nonsuit. Negligence. New
trial. Before Judge HANSELL. Thomas superior court.
April term, 1888.

Reported in the decision.

A. T. MacINTYRE, JR., and CHISHOLM & ERWIN, for
plaintiff in error.

W. M. HAMMOND, *contra.*

SIMMONS, Justice.

·Watts sued the railroad company for damages. On
the trial he testified to the following state of facts : " On
October 5th, 1884, I was a passenger from Thomasville
to Cairo, and had paid for a ticket to Cairo. Was
going there to go home; was going to my place of
business. The train reached Cairo about three P. M.
I was hurt in getting off the train at Cairo. A bone
in my left leg just above my ankle was broken. The
hurt happened by my jumping off. I made an effort to
get off to get home. As we approached the station,
signal to stop was made with the bell. The conductor
called out. ' Cairo.' Didn't stop still. After I got off,

trained had slacked, but got a little faster. It was going about three miles an hour when I got off. Thought I wouldn't hurt myself by jumping. I was compelled to get off for business. The train was going west toward Chattahoochee. From the rate it was going at the time, and all the circumstances around me, I thought it prudent for me to get off when I did. I was careful in doing so, and would have done so safely, but I jumped on the slant of a little embankment about four feet high, and my leg was broken. When we neared Cairo, the conductor called out, ' Cairo.' The conductor notified me they were going to stop at Cairo. I got up and walked to the platform. After the train was 165 yards from the platform, I jumped off on the embankment. After I jumped, the train stopped and backed back on the side-track. It went to the other end of the switch and backed back. If I had waited a minute or so I could have gotten off without injury. This was a fast mail train. The fast mail trains met there and passed. This train I jumped from only went fifty or 100 yards, then backed on the side-track, and in a minute or so the east bound train passed on the main track. No one told me to jump. I did it of my own accord. I don't know how fast it runs; ain't got any judgment on that train ; may go sixty miles an hour for all I know. Have traveled in trains often, but don't know how fast they go."

On this state of facts the defendant below moved a nonsuit, which was refused by the court. The case was submitted to the jury on this testimony, and the jury returned a verdict for the plaintiff. A motion for a new trial was made by the defendant, and was overruled. The defendant also excepted to the refusal to grant a nonsuit.

We think the court should have granted a nonsuit on

the motion of the defendant; and after the refusal to grant a nonsuit, should have granted a new trial. It is useless to argue the question. A mere statement of the evidence is sufficient, in our opinion, to show that the court erred in not granting the nonsuit, and in refusing the motion for a new trial.

Judgment reversed.