JARRETT *v.* THE ATLANTA AND WEST POINT RAILROAD COMPANY *et al.*

| 83  | 347 |
|-----|-----|
| 105 | 240 |
| 83  | 347 |
| 120 | 228 |
| 83  | 347 |
| 124 | 247 |

1. Jumping from a rapidly moving train, known to be so moving, where such jumping is not invited or ordered by the agents of the railroad company, or is not done to avoid some apparently threatened peril, is such negligence as will bar a recovery in damages.

(a) One who was an experienced train-hand, having been at such work all his life, ought to have known that it was reckless con-

duct on the part of any one to jump from a train moving at the rate of twenty-five or more miles an hour.

2. When a motion for a nonsuit is made, or a demurrer to a declaration filed, it is the duty of the trial judge to pass upon it, although the case be one wherein negligence is alleged. But if, without a demurrer or a motion to nonsuit, the case is submitted to the jury, the court must leave to them the question of negligence, and may not express any opinion on the subject when it is solely a question of fact.

April 15, 1889.

Railroads. Negligence. Nonsuit. Amendment. Practice in superior court. Before Judge VAN EPPS. City court of Atlanta. December term, 1888.

The official report is embodied in the decision.

E. W. MARTIN and F. A. QUILLIAN, for plaintiff.
CALHOUN, KING & SPALDING, for defendant.

SIMMONS, Justice.

By his original declaration, the plaintiff alleged as follows : He was an employé of the Richmond & Danville Railroad Company, whose line terminated in Atlanta. He boarded one of the passenger-trains of the Atlanta & West Point Railroad Company at the passenger-depot, the starting point, for the purpose of going to the freight-depot of the Central railroad at the Mitchell street crossing. He did so with the consent of the Atlanta & West Point company, it being the custom of that and the other railroad companies terminating in Atlanta to permit the employés of each other to ride from the passenger-depot on outgoing trains to their freight-depots or workshops ; and according to this custom he was on the train. On arriving at his destination, by reason of the unlawful running of the train at the rate of twenty-five or more miles per hour, he was, in the act of getting off, thrown violently against the ground, and against a pile of iron which the Central Railroad Company had carelessly placed at the crossing. This was a public crossing and the running of the train at that rate was a direct violation of

the city ordinance and the State law. By reason of the above, which was negligence on the part of both defendants, he has been dreadfully and permanently injured; and he sets forth the extent of his damages. He received the injuries by no fault of his own, but by the negligence of the defendants as above set forth.

The defendants demurred generally to the declaration and moved to dismiss it, because there was no cause of action set forth. The motion was sustained. The plaintiff offered to amend by alleging as follows: Before he got on the train, he spoke to the fireman and in the presence of the engineer told him he was going to the point mentioned, and asked him if the train stopped there as was the custom; and he was told by these agents that it did and would do so that day. Before he left the train, two other men jumped therefrom and were not hurt; he saw them, and it appeared that he could do so. He was an experienced train-hand, having been at such work all his life, jumping on and off trains; but the conduct of the agents of the railroad company in misleading him, greatly excited and confused him. He did not know, until he reached the crossing, that they would not stop; and being a poor man and without means to get back, and not knowing where he would be carried, it excited him greatly, and he did not have an opportunity for cool and deliberate decision; and this condition was thrown around him by the negligence of the defendants, and was, with the other causes set forth in his declaration, the cause of his injuries.

The court refusing to allow this amendment, and the case being dismissed, the plaintiff excepted.

1. The court was right in granting a nonsuit in this case. According to the allegations in the declaration, the plaintiff, with a full knowledge that the defendant's train was running at the rate of twenty-five miles an hour or more, voluntarily and without any invitation

from or knowledge of the defendant's servants, jumped therefrom. Jumping from a rapidly moving train, known to be so moving, where such jumping is not invited or ordered by the agents of the railroad company, or is not done to avoid some apparently threatened peril, is such negligence on the part of the plaintiff as will bar his recovery. *Blodgett* v. *Bartlett*, 50 *Ga.* 353; *Watson* v. *Ga. Pac. R. Co.*, 81 *Ga.* 476; *S., F. & W. R. Co.* v. *Watts*, 82 *Ga.* 229.

The amendment offered by the plaintiff to his declaration would not have aided him if it had been allowed. In it he alleged that he was an experienced train-hand, having been at such work all his life. If that was true, he certainly ought to have known of the great danger in jumping from a train moving at such a high rate of speed, and that it was reckless conduct on the part of any one to jump from such a train at that rate of speed. All the allegations in the original and amended declaration show that he could have avoided this injury by remaining in the cars. Wherever a person can avoid an injury to himself by the exercise of ordinary care, he cannot recover.

2. But it is claimed by counsel for the plaintiff in error that, this being a case wherein negligence was alleged, it was the duty of the court to submit the question of negligence to the jury, and that it was unlawful for him to pass upon that question himself. That is true after the case has been submitted to the jury, but we know of no law that prohibits a trial judge from passing upon this question when it is made in a motion for nonsuit, or on demurrer to the declaration, as was done in this case. When a motion for a nonsuit is made, or a demurrer to the declaration filed, it is the duty of the trial judge to pass upon it. If, however, the case is submitted to the jury without a motion to nonsuit, or a demurrer to the declaration, then the court must leave the question of negligence to the jury, and

it is forbidden by law for the court to express any
opinion upon the subject, when it is solely a question
of fact.    And this is the distinction between the cases
cited by counsel for the plaintiff in error, which hold
that negligence is a question for the jury, and those
cited by counsel for defendant in error, which hold
that the judge can grant a nonsuit, or sustain a demur-
rer upon the facts alleged in the declaration.

*Judgment affirmed.*