gence, and wholly without any fault or negligence on his part, that Smith was injured. He knew (?) of the condition of the embankment, or that it was improperly excavated or undermined, or that it was unsound or unsafe. He was young and inexperienced about such work and knew nothing of the manner in which it should be done. He was guilty of no fault or negligence that contributed to the injury, was simply obeying the orders of his superior as he was bound to do, and it was not possible for him to escape or avoid the injury. Robinson, who was a skilled officer of defendant, whose duty it was to be present, examine the condition of the work and superintend it, was absent and not attending to his duties.

The defendant demurred generally, and the demurrer was sustained. The amendment was not allowed because, no cause of action having been set forth in the declaration, there was nothing to amend by.

CALVIN GEORGE and G. W. GLEATON, for plaintiff.

J. B. CUMMING, A. C. McCALLA and BRYAN CUMMING, for defendant.

BARNETT *v.* EAST TENN., VA. & GA. RAILWAY CO.

NEGLIGENCE. RAILROADS. PASSENGERS. AMENDMENT. PRACTICE.

1. A declaration alleging that the conductor of a passenger-train agreed with plaintiff to stop the train for him to get off at a point where there was no regular station, but at which defendant's road crossed another railroad at grade, that plaintiff paid his fare to this point, and that on reaching the same the train only slowed up and did not stop, so that plaintiff, "in order to keep from being carried beyond his destination, was compelled to get from the moving train," and in so doing was seriously injured, does not set forth a cause of action, it appearing from these allegations that plaintiff's injury was caused by his own voluntary act in taking a dangerous risk, if the train was moving so rapidly as to make leaving it unsafe, or if not, that the injury must have resulted from a mere accident, or from plaintiff's own carelessness in getting off.

2. Where an amendment to a declaration is offered and disallowed by the court, it does not constitute a part of the record; and in order to have this court review the ruling of the court below in rejecting such offered amendment, it should be set out in the bill of exceptions or annexed to the same as an exhibit, properly authenticated. *Sibley* v. *Mutual Reserve Fund Life Association*, decided this term (*ante*, 738). *Judgment affirmed.*

November 23, 1891.　Argued at the last term.

From Floyd superior court. September adjourned term, 1890. Before Judge MADDOX.

DEAN & SMITH, for plaintiff.

A. O. BACON, DORSEY & HOWELL and W. T. TURNBULL, for defendant.