POOLE *v.* THE GEORGIA RAILROAD & BANKING COMPANY.

A railway company selling a ticket at a way-station for a train soon to pass, is bound to stop the train long enough to afford the purchaser reasonable time to board it in safety; and if he, without any delay beyond that which is forced upon him by passengers coming out of the car and crowding upon the platform, endeavors to get aboard just as the train is starting off, and is injured in consequence of the too hasty starting of the train, which caused the door of the car to close suddenly, it not being securely fastened back, he is *prima facie* entitled to recover. The controlling fact in this case being that there was not sufficient time allowed to board the train, it is distinguishable from *Hardwick* v. *Ga. R. & Bkg. Co.*, 85 *Ga.* 507.                    *Judgment reversed.*

May 18, 1892

Railroads. Negligence. Before Judge RICHARD H. CLARK. DeKalb superior court. August adjourned term, 1891.

The court below sustained a general demurrer to the plaintiff's petition as amended, and the plaintiff excepted. The petition alleged: On October 10, 1888, petitioner bought a ticket from the station of defendant at Lithonia to its station at Conyers, from its ticket-agent at Lithonia, intending to go on its passenger-train. When the train arrived, which arrival, by reason of the carelessness and negligence of its agents and employees, was delayed, the train being very much over-crowded by passengers because defendant negligently failed to furnish sufficient accommodation for its patrons, the cars of the train were so crowded that the passengers were standing in the aisles and on the platforms of the cars. Petitioner attempted to get on the cars, but because of their crowded condition and of the large number of passengers getting off, and the lack of time for them to get off, being impeded by the crowds, he was forced to get on the train as it was in the act of starting off, and had just reached the top step of the

platform and was in the act of going into a car, when, by reason of the sudden start and the jostling of the crowd, he caught the side of the door. The door of the car being of heavy material and on easily moving hinges, and not being propped back by the usual apparatus attached to the floors of cars to keep doors from closing, slammed to and caught petitioner's hand on the edge of the door, badly mashing two of his fingers and painfully injuring his entire hand, causing great bodily pain and anguish to him. The petition then set forth loss of time, expenses, etc., alleged that the injuries were to some extent permanent, and alleged petitioner's age. The amendment alleged that the door of the car was not sufficiently propped back and held back so as to prevent its closing upon the stopping or starting of the train; and that defendant's agents failed to prop or fasten the door open so as to prevent its closing, under the circumstances as alleged above. And further, that defendant was negligent in that its officers or agents grossly neglected to give plaintiff time to get upon the train, and that by reason thereof he was left exposed in a position of great danger, and injured as before set forth

CANDLER & LEE, for plaintiff.

J. B. CUMMING and CANDLER & THOMSON, for defendant.

---

LUCKIE *v.* JOHNSTON BROTHERS.

| 89 | 321 |
|----|-----|
| 93 | 546 |
| 89 | 321 |
| 113 | 14 |

1. The authority of an agent to collect need not be express, but may be implied; and where a bill for goods previously sold by him for the house he represents, together with a bill for goods sold directly by the house to the same customer, is sent to the agent, and both bills are by the latter presented to the customer, who pays both, whether under all the circumstances the sending of the bill to the agent implies authority in him to collect the money is a question of fact for the jury. That the bills had printed upon their face in small letters the words, " bills payable at this