## SIMMONS *v.* SEABOARD AIR-LINE RAILWAY.

1. If with a clear chance to avoid the consequences of defendant's negligence or breach of duty the plaintiff voluntarily assumes the risk occasioned thereby, such conduct on his part is not merely contributory negligence, lessening the amount of damages, but a failure to avoid danger, defeating the right to recover.

2. The fact that in stepping from a moving train the plaintiff may not have been guilty of negligence defeating his right to recover does not entitle him to a verdict, unless it also appears that the carrier was at the time guilty of negligence which was the proximate cause of the plaintiff's injury.

3. The court below did not err in sustaining the demurrer, it appearing from the allegations in the petition that the plaintiff was not injured as the result of any negligence or breach of duty on the part of the carrier, but with full opportunity to escape the consequences of any prior acts complained of, and with a clear chance to avoid the danger, he voluntarily assumed the risk attendant upon leaving a moving car at night beyond the station, at a point where there was no implied invitation to alight.

Argued April 13, — Decided May 12, 1904.

Action for damages.      Before Judge Seabrook.      Effingham superior court.      November 9, 1903.

The plaintiff sued for injuries received while alighting from a moving train. He alleged that he notified the conductor of his desire to get off at Meldrim; that he reached there at night; that the conductor, contrary to his duty and the custom of the company, failed to announce the station; that after the train had stopped at Meldrim it started and moved slowly forward, when petitioner, happening to look out of the window of the coach, dis-

| 120 | 225 |
| 121 | 319 |

| 120 | 225 |
| s124 | 245 |
| 124 | 246 |
| e124 | 247 |
| 124 | 960 |

| 120 | 225 |
| c127 | 597 |

| 120 | 225 |
| 130 | 456 |

covered that the train was moving from the station, when he immediately proceeded to the platform and down the steps, and while in the act of stepping off discovered baggage and other obstructions; that the conductor, who was a few feet away with a lantern in his hand, " in clear view of petitioner," signaled the train to go forward, which it did; that as soon as the step cleared the obstruction petitioner proceeded to step to the ground, and while so doing the engine jerked the train forward, throwing petitioner on the rocks beneath, inflicting the injuries sued for. The court sustained a demurrer, and the plaintiff excepted.

*R. W. Sheppard* and *D. H. Clark*, for plaintiff.
*J. Randolph Anderson*, for defendant.

LAMAR, J. In numerous cases cited by the plaintiff it has been held, by this and other courts, that it is ordinarily a question for the jury to determine whether it is negligence, barring a recovery, for a passenger to step from a moving train. In several instances such conduct was held not to prevent a recovery where the passenger was injured as the result of a sudden or negligent jerk given the train while he was in the act of alighting. *Atlanta Railway Co. v. Randall*, 117 *Ga.* 165; *Central Railroad v. White*, 74 *Ga.* 453; *Walters v. Collins Park R. Co.*, 95 *Ga.* 519; *Poole v. Georgia R. Co.*, 89 *Ga.* 320; *Central R. Co. v. McKinney*, 118 *Ga.* 537; *Suber v. Georgia, C. & N. R. Co.*, 96 *Ga.* 43; *Augusta Sou. Ry. Co. v. Snider*, 118 *Ga.* 146. But in all these cases it will be seen that the mere fact that the passenger may not have been guilty of negligence was not the basis of his right to recover. Even if he was free from fault in stepping from the moving train, that did not make the company liable. It had also to appear that the carrier was guilty of negligence, and that negligence must have been shown to be the cause — the proximate cause of the injury. *Hardwick v. Georgia R. Co.*, 85 *Ga.* 509. Here the company was bound to announce the station. Its failure so to do might have given rise to a cause of action in favor of the plaintiff for the loss of time, inconvenience, labor of traveling back, expenses, and all proximate damages consequent on his being carried past his destination. *Watson v. Georgia Pacific Ry. Co.*, 81 *Ga.* 476. If the petition is construed most favorably for the pleader, and to mean not that the plaintiff saw the con-

ductor, but that the conductor saw the passenger attempting to alight from the moving train, it was an act of negligence to signal the engineer forward. The conductor had no right to add to the danger, or to increase the peril of one leaving a train under the circumstances alleged in the petition. And if the plaintiff had been injured as a result of a jerk so caused, and the plaintiff then or thereafter had no opportunity to avoid the consequences of the alleged negligent signaling, the company would have been liable, in view of the other facts stated.

But the petition claims no damage and sets out no cause of action by reason of the failure to announce the station, nor on account of the signal to go forward. Neither of these acts caused any personal injury to the plaintiff. After he saw the signal given he remained unharmed on the lower step, waiting for the car to pass the obstruction on the station platform. If it was negligence for the train to proceed, the plaintiff had full notice that there was no intention to stop. He was bound to know that in ordinary course the speed would increase, and that the jars and jolts incident to railroad transportation might be expected. With such knowledge he chose to remain on the bottom step until the car passed the obstruction on the platform, and reached a point where, because of the rocks, there was evidently no implied invitation to alight. He was beyond the station attempting to get off, when the jerk, not alleged to be negligent, and to be expected as usual, precipitated him upon the ground to his injury. Howsoever negligent the defendant may have been in failing to announce the station, in failing to stop the train, in failing to afford the plaintiff a reasonable opportunity to alight, or in signaling the engineer forward, such conduct was not the proximate cause of plaintiff's hurt. The plaintiff had a full opportunity to escape the consequences of all the prior acts of negligence alleged. He had a "clear chance" to return to the car after he knew that the train had been signaled not to stop. He had a "clear chance" to avoid the danger of remaining on the lower steps of a train in motion, the speed of which he knew would increase with the consequent jars and jolts incident to travel by rail. With such clear chance he chose not to avoid but to risk the danger. See note to 55 L. R. A. 418; 1 Shear. & Redf. Neg. § 99, p. 154. This was not contributory negligence lessening the damages, but the failure to avoid a known

danger, which defeats his right to recover.    Civil Code, § 3830;
*Mansfield* v. *Richardson*, 118 *Ga.* 251.    He stepped in the dark
from a moving train, when there was no urgent necessity.    The
carrier did not cause the injury, and is therefore not liable in dam-
ages.    *Jarrett* v. *Atlanta & West Point R. Co.*, 83 *Ga.* 347;
*Whelan* v. *Georgia Midland R. Co.*, 84 *Ga.* 506; *Western & Atlan-
tic R. Co.* v. *Goodwin*, 105 *Ga.* 237.    The judge of the superior
court did not err in sustaining the demurrer.

*Judgment affirmed.    All the Justices concur.*