## GEORGIA, CAROLINA AND NORTHERN RAILWAY COMPANY *et al.* *v.* HUTCHINS.

This case is controlled by the decisions in *Coleman* · v. *Georgia R. Co.*, 84 *Ga.* 1, and *McLarin* v. *Atlanta R. Co.*, 85 *Ga.* 504.

Argued October 27, — Decided November 12, 1904.

Action for damages.   Before Judge Russell.   Gwinnett superior court.   July 4, 1904.

*Erwin & Erwin, T. M. Peeples*, and *N. L. Hutchins Jr.*, for plaintiffs in error.   *Juhan & McDonald*, contra.

SIMMONS, C. J.   Suit for damages for personal injuries was brought by Hutchins against certain railroad companies.   The evidence, taken most strongly in favor of the plaintiff, showed that he had gone to the railroad station at Lawrenceville with some persons who intended to take passage on one of the defendants' trains.   These persons were one Oliver and his wife and children.   When the train arrived there were some twenty-five or

thirty persons waiting to take passage thereon.    Oliver asked plaintiff to assist him in putting Mrs. Oliver on board.    This request was made in a "mild" tone, but the conductor of the train was standing near and might have heard it.    After waiting for part of the crowd to get on board, plaintiff and Mrs. Oliver followed.    They found a seat about the middle of a car, and then plaintiff went back to the platform to leave the train.    By this time the train was in motion.    The conductor was not in the car. Plaintiff found several persons between him and the steps on which he had entered the car, and he endeavored to leave it from the other side of the platform.    He could not do this, however, as the train was vestibuled and the door on that side was closed and fastened.    He then went to the steps on the side from which he had entered. .  The train was moving rapidly and with increasing speed.    As he jumped off there was a jerk which threw him down.    He fell at a point some fifty to seventy feet from where he had embarked, and received certain injuries to his wrist. There was also evidence that the conductor told the crowd at the train not to be in too much of a hurry, that he would give them all plenty of time to get aboard.    It further appeared that, on account of the large amount of baggage to be loaded, the train remained at the station a little longer than usual.    The jury found for the plaintiff, and the defendants moved for a new trial. The motion was overruled, and the movants excepted.

The evidence demanded a verdict for the defendants.    Even if the jury could properly have inferred that the conductor heard Oliver request plaintiff to assist Mrs. Oliver to board the train, there was absolutely nothing to put the conductor or any other agent of the defendants upon notice that the plaintiff intended to disembark at the same station.    The conductor denies having heard the request, but, even had he done so, he might well have believed that the plaintiff was one of the persons who intended to take passage on the train, that he was merely assisting a fellow-passenger, and intended to remain in the car.    There being nothing to put the defendants upon notice of plaintiff's intention, they were not bound to hold their train until he had time to disembark, nor to notify him before the train was started.    *Coleman* v. *Georgia R. Co.*, 84 *Ga.* 1; *McLarin* v. *Atlanta R. Co.*, 85 *Ga.* 504.    Indeed the cases just cited are controlling in the present

case, and, under them, the plaintiff can not recover.    Even had
the defendants been negligent, we think that the injury was not
proximately caused by such negligence, but by the negligence of
the plaintiff in attempting to alight from a rapidly moving train
with full knowledge that it was in motion.    *Simmons* v. *Seaboard
Air-Line Railway*, 120 *Ga.* 225.    For these reasons ·we think
that the trial judge erred in refusing a new trial.

<div align="center">

*Judgment reversed.    All the Justices concur.*