BAILEY *v.* GEORGIA & FLORIDA RAILWAY.

Under the evidence in this case the question of negligence of the defendant and diligence of the plaintiff should have been submitted to the jury under proper instructions; and it was error to grant a nonsuit.
FISH, C. J., concurring specially. 1. The petition did not set forth a cause of action, and the court should not have overruled the general demurrer. The alleged negligence of the railway company, in failing to stop its train at the plaintiff's destination a sufficient length of time, was not the proximate cause of the injury.
2. Although the defendant in error excepted pendente lite to the overruling of its general demurrer to the petition, it filed no cross-bill of exceptions, and the ruling on the demurrer must be now treated by this court as a final adjudication that the petition did set out a cause of action; and as the evidence introduced on the trial by the plaintiff was sufficient to prove every allegation in the petition, the court erred in granting a nonsuit.

SEPTEMBER 22, 1915.

Action for damages. Before Judge Mathews. Emanuel superior court. July 14, 1914.

*Williams & Bradley* and *I. W. Rountree,* for plaintiff.
*Saffold & Jordan,* for defendant.

HILL, J. An action for damages was brought by the plaintiff against the defendant, for injuries alleged to have been received while alighting from a moving train, and to have been occasioned by the negligence of the defendant in failing to stop its train at the destination of the plaintiff a sufficient length of time to enable him to alight in safety. At the conclusion of the plaintiff's evidence the court, on motion, granted a nonsuit, and to this judgment the plaintiff excepted.

It appears, from the evidence in the record, that the plaintiff became a passenger on the defendant's train at Swainsboro, with a ticket to Blun, a station a few miles from Swainsboro. He occupied a seat in the ladies' coach, about two thirds its length from the front door. The usual and customary way for passengers to alight was from the front end of the coach. The conductor took up the plaintiff's ticket, and he called the conductor's attention particularly to his destination and instructed him to be sure and put plaintiff off at Blun. His reason for this was that while at Swainsboro the plaintiff, who is a practicing physician, had an urgent call to see a patient seven or eight miles below Summertown, where plaintiff lived, and he had telephoned for his automobile to meet

him at Blun, where he was to get off and attend some patients, and this would hasten his visit to the other patient. The train stopped at Blun, and immediately upon its doing so the plaintiff got up, bade the gentleman in the seat with him good-bye, and went to the forward end of the train "as expeditiously as possible," and about the time he reached the door the train began moving off, and about the time he reached the top step a man jumped on the bottom step. The plaintiff turned and went across to the rear end of the coach adjacent, and stepped off. While attempting to get off, the train was moving along slowly; "it was not going fast enough to be dangerous for me to get off." He alighted, caught on his left foot, made a step on his right foot, and then another on his left foot, and turned loose the train; and as he did so, in an effort to catch on his right foot and bear himself away from the train, he went down on the ground and sustained the injury complained of in the petition. The train stopped at Blun between six and eight seconds. The injury occurred in the daytime. The train had run probably thirty or thirty-five feet before plaintiff got off.

In view of the evidence of the plaintiff, we think it was error, under the former rulings of this court, to grant a nonsuit. In *Suber* v. *Ga. &c. Ry. Co.,* 96 *Ga.* 42, 43 (23 S. E. 387), it was said: "It is not necessarily, as a matter of law, negligent for a person to leave a moving train. Whether it is negligent or not in a particular case must depend upon the circumstances of danger attending the act and the special justification which the person leaving the train had for doing so. Ordinarily, in cases of this kind, the question of what is or is not negligence is one for the jury; and unless the danger is obviously great,—as where the train is moving at full speed,—the court can not hold that leaving the train is, as a matter of law, such negligence as should preclude a recovery." *Turley* v. *Atlanta &c. Ry. Co.,* 127 *Ga.* 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695); *Coursey* v. *Southern Ry. Co.,* 113 *Ga.* 297 (38 S. E. 866).

The case of *Louisville &c. R. Co.* v. *Edmondson,* 128 *Ga.* 478 (57 S. E. 877), is different in its facts from the instant case. In that case the plaintiff had entered the car with the knowledge of the conductor, in order to assist on board the cars her seven-year-old child, who was going to Macon as a passenger. As she went inside the car, the conductor, contrary to his usual custom and

without warning the plaintiff, signaled the engineer to go ahead. The engineer, without a whistle, moved his train and rang his bell. Plaintiff walked hurriedly to the door and on to the platform of the car. When she reached the platform, "she discovered that the train was going too fast to alight with safety, and undertook to recover herself, but such was the momentum and excitement brought about by the carelessness and negligence of the agents of the defendant company, together with the great speed of the train and jerks of the car as it ran over the crossing, that . . petitioner could not control her movements, and she, though exercising due care and caution, fell from the steps of said car upon the ground, seriously injuring and damaging her." This court reversed the judgment overruling a demurrer in that case, and held that the injury to the plaintiff was the result of a failure on her part to exercise due care in order to avoid the consequences to herself of the alleged negligence of the railroad company. At the same time the principle ruled in the *Suber* and *Turley cases,* supra, was recognized and reaffirmed. The facts of the instant case are very different from those in the *Edmondson* case. Here the train was "moving along slowly," and was not going fast enough to be obviously dangerous; the train had only stopped six or eight seconds at the station, and the plaintiff had walked as "expeditiously as possible" towards the front of the car in which he was riding, in order to alight from the train. In view of the evidence adduced on the trial, we can not say, as matter of law, that the danger was so obviously great that the plaintiff was negligent in leaving the train, so as to bar him of recovery. We think the case should have been submitted to the jury, under proper instructions, and left for them to determine under the evidence as to the diligence or negligence of the respective parties. The granting of a nonsuit was erroneous. *Judgment reversed. All the Justices concur.*

FISH, C. J., concurring specially. The alleged negligence of the defendant railway company, upon which the plaintiff relied for a recovery, was that the train upon which he was a passenger did not stop at his destination (which destination was known to the conductor) a sufficient length of time for him to alight therefrom. The petition alleged that "on the arrival of the train at Blun [plaintiff's destination] it came to a halt, and plaintiff arose from his seat, going directly forward to the front end of the coach. .

About the time the plaintiff arrived at the front door of the coach the train started slowly; and as it was necessary that plaintiff alight at that point, plaintiff started to get down to step from the platform to the steps and onto the ground. A negro man or boy at that time stepped on the lower step of the platform of the coach in which plaintiff had been riding, and plaintiff was obliged to step over to the rear platform of the forward coach immediately getting down the steps; the train was moving slowly, and, there being no apparent danger, plaintiff alighted from the lower step to the ground, alighting on his left foot, and holding to the hand-rail with his hand and then making an effort to catch on his right foot, turning loose the handhold of train, when he was thrown to the ground and his thigh broken. Plaintiff alleges, that in alighting from said coach he used all reasonable care and caution, that the train was moving slowly, and that he looked to the ground before he alighted and saw that it was reasonably smooth and that no danger was apparent." In view of the former decisions of this court, it is clear to my mind that the petition set forth no cause of action, and the general demurrer thereto should have been sustained.

In *Barnett* v. *East Tenn. &c. Ry. Co.,* 87 *Ga.* 766 (13 S. E. 904), it was held: "A declaration alleging that the conductor of a passenger-train agreed with plaintiff to stop the train for him to get off at a point where there was no regular station, but at which defendant's road crossed another railroad at grade, that plaintiff paid his fare to this point, and that on reaching the same the train only slowed up and did not stop, so that plaintiff, 'in order to keep from being carried beyond his destination, was compelled to get from the moving train,' and in so doing was seriously injured, does not set forth a cause of action, it appearing from these allegations that plaintiff's injury was caused by his own voluntary act in taking a dangerous risk, if the train was moving so rapidly as to make leaving it unsafe, or, if not, that the injury must have resulted from a mere accident, or from plaintiff's own carelessness in getting off." This ruling was followed in *Jones* v. *Georgia &c. Ry. Co.,* 103 *Ga.* 570 (29 S. E. 927). Some of the other cases in which the same principle has been recognized and followed are the following: *Simmons* v. *Seaboard Air-Line Ry.,* 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777); *Ga. &c. Ry. Co.* v. *Hutchins,* 121 *Ga.* 317 (48

S. E. 939); *Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432); *Turley* v. *Atlanta &c. Ry. Co.,* 127 *Ga.* 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695); *Johns* v. *Georgia Ry. &c. Co.,* 133 *Ga.* 525 (66 S. E. 269). It will be noted that there was no jerk in the present case, as there was in the cases cited in the majority opinion, and in other cases on the same line decided by this court, and where some broad language, but purely obiter, was used.

Although the railway company excepted pendente lite to the overruling of its general demurrer to the petition, it filed no cross-bill of exceptions, and the judgment overruling such demurrer must be treated by this court as a final adjudication that the petition set forth a cause of action; in other words, it was, so long as it stood, the law of this case, and as the evidence introduced on the trial by the plaintiff was amply sufficient to prove every allegation in the petition, the court erred in granting a nonsuit. *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157).