## 7904.  SOUTHERN RAILWAY COMPANY v. WILLIAMS.

1. It is not, as a matter of law, negligence to alight from a moving train at or near a station at which it is the duty of the railroad company to bring the train to a stop, unless it appears that the danger attending the attempt to alight is so great as to be obvious to any person of common prudence and ordinary intelligence. The facts alleged in the petition in this case do not take it out of the general rule that negligence is a question for the jury. Accordingly, the court did not err in overruling the demurrer to the petition.

2. While the plaintiff may not have been negligent as a matter of law in attempting to alight from a moving train, yet, under the evidence, negligence on the part of the railway company was not the proximate cause of his injury, and its motion for a new trial should have been granted.

DECIDED MARCH 15, 1917.

Action for damages; from city court of Baxley—Judge Sellers. July 23, 1916.

The plaintiff was a passenger on the defendant's train from Brunswick to Baxley. There was a large crowd to get off the train at Baxley. He was riding at the rear end of the coach. When the train stopped at Baxley the passengers for that station were in front of him, except his companion, Herndon. It was necessary for them to alight from the front end of the car. When about a third of the distance from the rear end of the coach an employee of the railway company, whom the plaintiff took to be a flagman, stopped him and his companion and asked if a certain passenger who then appeared to be asleep did not "belong to get off" at Baxley, to which the plaintiff replied in the affirmative, and the employee requested him and his companion to assist in waking the passenger. This they did, and while they were still engaged in their efforts to arouse the sleeping passenger, the train moved off. The plaintiff said to his companion: "If we are going to get off here we better do it," and started at a rapid rate to the front end of the car, and went to the steps for the purpose of getting off. His companion got off first, but they attempted to alight from the train at practically the same time. Before attempting to alight from the train the plaintiff was able to observe, in the fairly adequate light of the night, that the ground at the point where he attempted to alight appeared smooth and clear of obstructions, and he thought that he could get off safely. The train had not moved far from the point where it had stopped, and there was nothing

to indicate that he could not safely alight. While he was in the act of stepping from the train, the rapidity of its movement, its speed being increased, or a sudden jerk of the engine pulling it away from the station, caused him to fall violently to the ground. The character and extent of his injuries need not be here stated, because it is conceded by the defendant that "if the plaintiff was entitled to recover at all he was entitled to recover the amount of the verdict rendered." The specific negligence alleged in the petition is: (1) that the defendant's agents and officers had full knowledge that the plaintiff was upon the train and expected to alight at Baxley, his proper place of destination, and did not stop the train long enough to enable him to alight safely; (2) that the defendant's agents caused the train to move forward and gain a rapid speed while he was in the act of alighting from it; and (3) that they caused the train to be jerked forward while he was in the act of alighting from it, so that he was thrown violently against the ground and injured. A general demurrer to the petition was overruled, and, after a verdict in favor of the plaintiff, the defendant made a motion for a new trial, upon the general grounds only. The bill of exceptions alleges error in the overruling of the demurrer to the petition, and in the refusal to grant the motion for a new trial. The testimony of the plaintiff, who alone appeared as a witness at the trial, so far as material on the question for decision here, will be found in the opinion.

*J. B. Moore, W. W. Bennett. Bennet, Twitty & Reese,* for plaintiff in error. *Padgett & Watson,* contra.

GEORGE, J. (After stating the foregoing facts.) Relatively to the question for decision here, the true doctrine is enunciated in Thompson on Negligence, vol. 3, p. 344, as follows: "It may . . be affirmed, on the one hand, that when a train stops at a station to which the company contracts to carry a passenger, the company is liable if reasonable time to leave is not afforded, and the passenger is injured in an attempt to leave after it has started and while in motion, if he does not, in getting off, incur a danger obvious to the mind of a reasonable man; and on the other hand that, although the company has failed in its duty of stopping the train at the station for a reasonable time to allow the passenger to alight, yet if he attempts to do so after the train has acquired such a rapid motion as to make it obvious to a man acting reasonably

under the same circumstances that an attempt to alight would be attended with danger, he can not make the negligence of the company a ground for recovering damages from it in case he is hurt, but his hurt will be imputed to his own negligence as the proximate cause of it." To the same effect is Hutchinson on Carriers (3d ed.), § 1179 et seq. The doctrine stated by these text writers has been approved by the Supreme Court of this State in *Turley* v. *A., K. & N. Ry. Co.,* 127 *Ga.* 594 (56 S. E. 748, 8 L. R. A. (N. S.) 695), and *Louisville & Nashville R. Co.* v. *Edmondson,* 128 *Ga.* 478 (57 S. E. 877). In the case of *Bailey* v. *Ga. & Florida Railway,* 144 *Ga.* 139 (86 S. E. 326), and in many earlier cases decided by the Supreme Court of Georgia, the rule is applied. In the *Turley* case, supra, Justice Beck, speaking for the court, refers to the decision in the case of *Simmons* v. *Seaboard Air-Line Railway,* 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777), and says, "if that decision conflicts with rulings made in this case, it must yield to older decisions, by whose rulings we are controlled," and refers to the case of *Suber* v. *G., C. & N. Ry. Co.,* 96 *Ga.* 42 (23 S. E. 387). The opinion in the *Simmons* case, supra, written by Justice Lamar, recognizes that "it is ordinarily a question for the jury to determine whether it is negligence, barring a recovery, for a passenger to step from a moving train." He points out that such conduct has in several instances been held "not to prevent a recovery where the passenger was injured as the result of a sudden or negligent jerk given the train while he was in the act of alighting;" and he cites the cases of *Atlanta Railway Co.* v. *Randall,* 117 *Ga.* 165 (43 S. E. 412); *Central Railroad* v. *White,* 74 *Ga.* 453; *Walters* v. *Collins Park R. Co.,* 95 *Ga.* 519 (20 S. E. 497); *Poole* v. *Georgia R. Co.,* 89 *Ga.* 320 (15 S. E. 321); *Central R. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430); *Suber* v. *Georgia, C. & N. R. Co.,* supra, and *Augusta So. Ry. Co.* v. *Snider,* 118 *Ga.* 146 (44 S. E. 1005). He says, however, that "in all these cases . . the mere fact that the passenger may not have been guilty of negligence was not the basis of his right to recover. Even if he was free from fault in stepping from the moving train, that did not make the company liable. It had also to appear that the carrier was guilty of negligence, and that negligence must have been shown to have been the cause—the proximate cause of the injury. *Hardwick* v. *Georgia R. Co.,* 85 *Ga.* 509 [11 S. E. 832]. Here the

company was bound to announce the station. Its failure so to do might have given rise to a cause of action in favor of the plaintiff for the loss of time, inconvenience, labor of traveling back, expenses, and all proximate damages consequent on his being carried past his destination. *Watson* v. *Ga. Pacific Ry. Co.*, 81 *Ga.* 476 [7 S. E. 854]. If the petition is construed most favorably for the pleader, and to mean not that the plaintiff saw the conductor, but that the conductor saw the passenger attempting to alight from the moving train, it was an act of negligence to signal the engineer forward. The conductor had no right to add to the danger, or to increase the peril of one leaving a train under the circumstances alleged in the petition. And if the plaintiff had been injured as a result of a jerk so caused, and the plaintiff then or thereafter had no opportunity to avoid the consequences of the alleged negligent signaling, the company would have been liable, in view of the other facts stated." The conclusion reached by the learned Justice is that "the petition claims no damage and sets out no cause of action by reason of the failure to announce the station, nor on account of the signal to go forward," but that when the plaintiff was attempting to get off the moving train, "a jerk, not alleged to be negligent, and to be expected as usual, precipitated him upon the ground to his injury." It was there ruled that the proximate cause of the plaintiff's injury was not the negligence of the railroad company in failing to stop at the proper destination of the plaintiff, and that since the petition did not allege any act of negligence on the part of the railroad company in the operation of its train, the plaintiff's injury resulted from his own negligence.

While the reasoning in the *Simmons* case, supra, has been criticized by the Supreme Court, it is proper to observe that in no case decided by that court, so far as we know, other than that of *Bailey* v. *Ga. & Fla. Ry.*, 144 *Ga.* 139, has a recovery been allowed a passenger on substantially the same facts, except where some act of negligence in the operation of the train was shown, which the jury were authorized to find to be the proximate cause of the injury. The general doctrine that it is not, as a matter of law, negligence to attempt to alight from a moving train at or near a station at which it is the duty of the railroad company to bring its train to a stop, unless it appears that the danger attending the attempt to alight is so great as to be obvious to any person of com-

mon prudence and ordinary intelligence, is established beyond question, both by the decided cases in this State and upon general authority. Something more is necessary in order to fix liability on the railroad company. The passenger may not be negligent in attempting to step from a moving train, where the railroad company has violated its duty to stop its train at the proper destination of the passenger, or where the train has not stopped a sufficient length of time to enable the passenger to alight. Excusing him from any imputation of negligence, he must allege some act of negligence in the operation of the train at the time of the infliction of the injury, which produced, as the prime or proximate cause, his injury. The act of negligence committed by the railroad company in failing to stop its train a sufficient length of time to enable the passenger to alight is not, without more, the proximate cause of a physical injury to the passenger in attempting to step from the moving train. The *Simmons* case was followed in *Ga., C. & N. Ry. Co.* v. *Hutchins,* 121 *Ga.* 317 (48 S. E. 939), and in *Hill* v. *L. & N. R. Co.,* 124 *Ga.* 243 (52 S. E. 651, 3 L. R. A. (N. S.) 432.) The decision in *Bailey* v. *Ga. & Fla. Ry.,* supra, apparently goes further than any previous decision of our Supreme Court on this subject. In that case it was held to be error to grant a nonsuit where the evidence disclosed that, at the time the passenger undertook to alight from the moving train, it was "moving along slowly" and was not going fast enough to be obviously dangerous, although no act of negligence in the operation of the train at the time of the infliction of the injury upon the plaintiff was alleged in the petition or shown by the evidence. Chief Justice Fish concurred specially in this ruling, upon the ground that, while the railway company had demurred to the petition and had filed exceptions pendente lite to the overruling of its demurrer, it had failed to file a cross-bill of exceptions, and that the judgment overruling the demurrer must be treated by the Supreme Court as a final adjudication that the petition set forth a cause of action, and, inasmuch as the allegations of the petition were supported by the evidence, the grant of a nonsuit was error. The Chief Justice said that "the petition did not set forth a cause of action, and the court should not have overruled the general demurrer," and he based his conclusion upon previous decisions of the Supreme Court in a number of cases, including the *Simmons* case, supra.

The Court of Appeals has apparently followed the general doctrine announced in the *Suber* case, supra. See especially *Pierce* v. *Georgia R. Co.,* 9 *Ga. App.* 666 (72 S. E. 66); *Southern Ry. Co.* v. *Parham,* 10 *Ga. App.* 531 (73 S. E. 763); *Evans* v. *Southern Ry. Co.,* 12 *Ga. App.* 319 (77 S. E. 197). It is to be especially noted, however, that in each of these cases, as well as in the *Suber* case, it appeared that there was some negligent act, or negligent omission to act, by the railroad company in the operation of the train, after the company had failed in its duty to stop the train at the proper destination of the passenger, or had failed to stop the train at such destination for a sufficient length of time to enable the passenger to alight. In the *Evans* case, supra, it is instructive to note that Judge Russell uses this significant language (p. 325): "According to the allegations of the petition the plaintiff thought he could alight in safety, and no reason appears why ordinarily he could not have done so. Under the circumstances as related by him, however, the train began to increase its speed just as he stepped from the bottom step of the car. This may be found by the jury to be the main contributing cause of his injury, the prime negligence, which, in connection with the negligence of the company in not stopping the train, although it knew that the station was his destination, caused the injury of which he complains." A clear and concise statement of the doctrine of liability in cases of this character is found in the decision of this court in *Gosnell* v. *Central of Ga. Ry. Co.,* 17 *Ga. App.* 67 (86 S. E. 90), where it was said: "In case of a jerk or sudden start by which one alighting from a train is thrown to the ground, it will be presumed that there was a negligent act in the operation of the train; and where one alights from a moving train by the order of the conductor, the consequences chargeable to the conduct of the conductor will be imputed to the company itself. In this case there was no negligent act in the operation of the train, and there was no negligent order on the part of the conductor to the plaintiff, which caused the plaintiff to fall or induced him to assume the obvious risk of alighting from a moving train, but he voluntarily undertook the risk himself."

Our conclusion of the matter is this: Although a passenger, in attempting to step from a moving train, may not have been negligent, yet, before there can be liability on the part of the carrier,

there must be negligence on its part, and such negligence must be the proximate cause of the injury. In the absence of negligence on the part of the carrier in the operation of the train, or on the part of its servants in control thereof in directing, requesting, or permitting the passenger to attempt to alight from the train while in motion, its antecedent negligence in merely failing to stop its train, or in merely failing to stop the train long enough for the passenger to alight, can not rightly be regarded as the proximate cause of an injury such as was received under the circumstances appearing in this case. The real underlying reason upon which the decision in the *Simmons* case, supra, is based is that, while a jerk was alleged, it was not alleged to be a negligent jerk, or a sudden jerk, but was only what was to be expected. The conclusion reached in that case, on the facts there stated, may be erroneous, and in our opinion is erroneous under *Gosnell* v. *Central of Ga. Ry. Co.,* supra, but the reasoning employed by Justice Lamar seems to us to be essentially sound.

The petition in the case at bar, as amended, set forth a cause of action. No witness was called except the plaintiff, and upon his testimony the case rested. He said that before attempting to get off the train he observed the situation as best he could. It was tolerably light. The lay of the land looked all right to him. It looked smooth enough. There were no obstructions. It looked like he could get off in safety. In his exact language: "The reason I fell was because the train was—that is, I think was the reason—I know it was—the train was moving too fast for me to get off safely. It was moving faster than I thought it was. I don't know the distance the train had moved. It hadn't moved very far. I made no observation to ascertain how fast it was moving, nothing special, no more than it hadn't been started but a very short time, and from that time I didn't think was one of the reasons, and then I saw—I thought I saw—I could get off safely." He admitted that his companion, who preceded him from the train, partially fell in stepping from the train, catching himself on one hand. The plaintiff, however, was in the act of stepping from the train and was too far gone to recover himself, at the time he observed his companion in the act of falling. He did not testify that the train suddenly increased its speed, or that there was any perceptible increase in its speed, nor does he testify that a jerk, jolt,

or jar of the train occurred at the time when he undertook to step from the coach. On the contrary, his testimony shows that the train moved off in the usual and ordinary manner, and completely rebuts the presumption against the railway company. Construing the plaintiff's testimony most strongly against him, it is evident that the proximate cause of his injury was his negligence in miscalculating the speed of the train, or that the injury was the result of a mere accident. It is true that the railroad company was negligent, but its negligence consisted merely in failing to stop its train a sufficient length of time to enable the plaintiff to alight, and this. negligence, known to the plaintiff, was not the proximate cause of his injury. It can not be held in this case that an implied invitation was given to the plaintiff by the unnamed employee of the railroad company to attempt to alight from the train while in motion. So far as the evidence discloses, this employee was nothing more than a brakeman or a flagman, and it does not appear that he had or exercised any control whatever over the movement or management of the train. The plaintiff himself does not intimate that he was induced even remotely by the silence of this employee to attempt to leave the train while in motion. The evidence failed to sustain the vital allegation in the declaration, to wit, that at the time the plaintiff undertook to alight from the moving train, the company negligently increased the speed of the train, or negligently caused the train to be suddenly jerked, jolted, or jarred. The court, therefore, erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*