TURNER *et al. v.* MOORE.

HILL, J. The petition originally filed in this case had for its purpose the rescission of a contract, the cancellation of mutual deeds between the parties to the case, and the recovery of damages for a breach of the contract. A demurrer to the petition was overruled as to so much of the petition as sought a rescission of the contract, and was sustained as to so much of the petition as sought to recover damages. No exception was taken to the ruling as to the question of damages. Exception was taken to the judgment overruling the demurrer on the question of rescission. The case was brought to this court on writ of error; and it was held, in effect, that the petition did not set forth sufficient grounds to entitle the plaintiff to a rescission of the contract. *Moore* v. *Turner*, 146 *Ga.* 197 (91 S. E. 13). Before the remittitur was made the judgment of the court below, an amendment to the original petition was offered, striking the prayer for rescission and cancellation, and alleging damages similar in substance to those alleged in the original petition, and praying for an accounting and the recovery of damages. *Held:*

1. Where judgment is rendered by a trial court against either party to a suit, which judgment is not excepted to by the losing party, such ruling is binding and conclusive so far as that case is concerned. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280) ; *Sims* v. *Georgia Ry. &c. Co.,* 123 *Ga.* 643 (51 S. E. 573) ; *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190) ; *Brooks* v *Rawlings,* 138 *Ga.* 310 (75 S. E. 157) ; *Bailey* v. *Georgia & Fla. Ry. Co.,* 144 *Ga.* 139, 143 (86 S. E. 326).

2. Accordingly, the plaintiffs were concluded by the former judgment which sustained so much of the demurrer as sought to dismiss that portion of the petition seeking to recover damages; and it was not error to disallow the amendment and dismiss the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 413. APRIL 11, 1918.

Equitable petition. Before Judge Walker. Wilkes superior court. May 8, 1917.

*Samuel H. Sibley* and *I. T. Irvin Jr.,* for plaintiffs.

*Moore & Pomeroy, J. M. Pitner,* and *Charles E. Cotterill,* for defendant.