DYE, executor, *et al. v.* ALEXANDER.

No. 14466. APRIL 13, 1943.

*N. J. Smith,* for plaintiffs in error.   *M. C. Barwick,* contra.
DUCKWORTH, Justice. ■ The judgments overruling the gen-

eral and special demurrers, having become final, are the law of the case, and the plaintiff is entitled to the relief sought upon making proof of the allegations of the petition. *Kelly* v. *Strouse,* 116 *Ga.* 872 (7) (43 S. E. 280); *Hawkins* v. *Studdard,* 132 *Ga.* 265 (2) (63 S. E. 852, 131 Am. St. R. 190); *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157); *Bailey* v. *Georgia & Florida Railway,* 144 *Ga.* 139 (86 S. E. 326). See *Allen* v. *Harris,* 113 *Ga.* 107 (3) (38 S. E. 326). The evidence upon the trial was sufficient to show a breach of contract, and that this breach of contract was in bad faith since it was placed by the defendants upon their contention that the grantor in the plaintiff's deed was mentally incapable of executing the deed. This contention was abandoned before trial; and the plaintiff proved that the contention was not well founded, and that the grantor was of sound mind and had sufficient mental capacity to make the deed. This was sufficient to entitle the plaintiff to recover attorney's fees. Code, § 20-1404; *O'Neal* v. *Spivey,* 167 *Ga.* 176 (145 S. E. 71). The evidence relating to attorney's fees showed that the plaintiff had paid $1250 to his attorney, and that the amount paid was reasonable compensation for the services rendered. The verdict was authorized by the evidence, and the general grounds of the motion are without merit.

■ Rulings on pleadings and interlocutory judgments, when not reviewed by direct bill of exceptions before final judgment, may be excepted to pendente lite, and after final judgment may be reviewed by assigning error thereon in the bill of exceptions. Such rulings when preserved by exceptions pendente lite can not be made grounds for a motion for new trial. *Hawkins* v. *Studdard,* supra; *Hall* v. *Wingate,* 159 *Ga.* 630, 656 (126 S. E. 796). It follows that special grounds 1 to 6, inclusive, of the motion for new trial, which complain of such rulings, show no grounds for a new trial and will not be considered.

■ Grounds 8, 11, and 12 complain of the court's ruling permitting the plaintiff to introduce testimony to the effect that his grantor Dye was of sound mind and capable of making the deed on June 16, 1940; it being contended that since the attack upon the deed because of the alleged mental incapacity of the grantor had been eliminated from the case and the validity of the deed admitted, this evidence was irrelevant, immaterial, and prejudicial. Evidence for the purpose of sustaining the deed by repelling the

defendants' attack thereon as made in their pleadings was unnecessary, but it was admitted for the purpose of proving the plaintiff's contention that the defendants had acted in bad faith. To prove his case it was necessary that the plaintiff show bad faith and stubborn litigiousness on the part of the defendants. Since their breach of the contract was placed solely on their claim that the deed was void because of the mental condition of the grantor, evidence showing that the grantor's mind was sound would show that the defendants' claim was not well founded. The court did not err in allowing this evidence.

■ In ground 10 the movants complain of the ruling of the court excluding evidence offered by the defendants to show negotiations and attempts to compromise made subsequently to October 10, 1940. This evidence was not admissible for the purpose of showing settlement of the case, since it shows that no settlement was reached. None of the evidence excluded denies the alleged conduct of the defendants before October 13, 1940, which conduct is made the basis of the plaintiff's suit, and because of which the litigation resulting in expense to the plaintiff was instituted. It does not appear that the evidence excluded was relevant to any issue, and the court did not err in excluding the same.

■ A number of other grounds complain of rulings excluding evidence and of excerpts from the charge. These grounds are not argued in this court and are treated as abandoned. They will not be considered. Code, § 6-1308.

*Judgment affirmed. All the Justices concur.*