## 75645. GIARGIARI v. NATIONAL RAILROAD PASSENGER CORPORATION et al.
### (365 SE2d 875)

POPE, Judge.

Appellant Louise C. Giargiari was injured when she jumped from a moving AMTRAK train operated by appellees, and sued for damages. Her appeal is from the grant of appellees' motion for summary judgment.

Mrs. Giargiari presented deposition and affidavit evidence showing that on the morning of July 1, 1984, she accompanied an elderly friend to board the train at Brookwood Station in Atlanta. The train was an hour late and when it arrived there was no one available to load the luggage, so Mrs. Giargiari assisted her friend aboard. The train normally stops in Atlanta for 20 to 30 minutes before continuing on to New Orleans, and a whistle is sounded to signal its departure. On this day, however, no signal was heard and after Mrs. Giargiari reached her friend's compartment with his luggage, she glanced out of the train window and was shocked to see that it was moving slowly. She ran down the aisle to the car's entrance where she saw the car attendant and a man who had also helped his wife aboard. Mrs. Giargiari and the man requested the attendant to stop the train and let them off, but the attendant told them the train could not be stopped and they would have to wait until they reached the next scheduled stop. Although the next stop would have been in Austell, neither of them sought to ascertain the location, but decided to jump off the train onto the platform. Mrs. Giargiari swore that the car attendant lowered the steps for them, thereby indicating that they could safely step off the train. The attendant testified that the steps had never been raised after the train began moving. There was no evidence as to the speed the train was going although in the attend-

ant's opinion it was "not extremely fast, because [she] could still see some of the station and there was still cement. Whenever there is cement, we are not going too terribly fast." The man then jumped safely to the platform from the steps, followed by Mrs. Giargiari who lost her balance and fell, hurting her knees and breaking her wrist. From this evidence the trial court found that it was plain, palpable and indisputable that Mrs. Giargiari's injuries were solely caused by her own decision to jump from the train, and that reasonable minds could not differ as to such a conclusion so that summary judgment was proper as a matter of law.

Mrs. Giargiari contends on appeal that the proximate cause of her injuries was the negligent acts of the car attendant in neither warning the non-passengers aboard the train that it would not stop for the customary time nor announcing its departure, and in allowing her to leave the train when it was moving. She also argues that where both parties are negligent, under the railroad comparative negligence statute (OCGA § 46-8-291) the question of the plaintiff's recovery is to be determined exclusively by a jury. We do not agree.

It has long been established that OCGA §§ 46-8-291 and 51-11-7 are to be construed in pari materia. *Southern R. Co. v. Nichols*, 135 Ga. 11 (4) (68 SE 789) (1910). In so analyzing the two code sections, the Supreme Court concluded: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence." *Americus, Preston &c. R. Co. v. Luckie*, 87 Ga. 6, 7 (13 SE 105) (1891). Accord *Central of Ga. R. Co. v. Roberts*, 213 Ga. 135 (97 SE2d 149) (1957).

In *Savannah, Fla. &c. R. Co. v. Watts*, 82 Ga. 229 (9 SE 129) (1889), the plaintiff jumped off a train going three miles per hour when it failed to make a scheduled stop at his station. He contended that from the speed it was traveling and under the circumstances, he thought it was "prudent" to get off when he did. The railroad's motion for nonsuit was denied and the jury returned a verdict for the plaintiff, but the Supreme Court reversed, holding that the evidence was sufficient to support a nonsuit in favor of the railroad. Similarly, in *Watson v. Ga. Pacific R. Co.*, 81 Ga. 476 (7 SE 854) (1888), the plaintiff undertook to step off a slowly moving train which failed to stop at her designated place of departure. Her father had safely removed himself and her two young children, but when she stepped off she "fell or was thrown" to the ground. The Supreme Court affirmed a grant of nonsuit to the railroad, holding that the plaintiff's testimony "clearly [showed] that she could have avoided the consequences

to herself by the use of ordinary care. If she had just kept her seat in the car, she would not have been hurt. According to her testimony, she took the risk of getting off, and we think, as she took the risk, she must take the consequences. Her departure from the train, under the circumstances, showed no want of diligence on the part of the railroad company." Id. at 478. Accord *Barnett v. East Tenn. &c. R. Co.*, 87 Ga. 766 (1) (13 SE 904) (1891); see also *Johns v. Ga. R. & Elec. Co.*, 133 Ga. 525 (66 SE 269) (1909). See generally *Bailey v. Ga. & Fla. R.*, 144 Ga. 139, 141 (86 SE 326) (1915) (Fish, C. J., concurring specially).

We think the reasoning expressed by this court in *Southern R. Co. v. Williams*, 19 Ga. App. 462, 465-66 (91 SE 894) (1917), is decisive of the issue presented here. "The general doctrine that it is not, as a matter of law, negligence to attempt to alight from a moving train at or near a station at which it is the duty of a railroad company to bring its train to a stop, unless it appears that the danger attending the attempt to alight is so great as to be obvious to any person of common prudence and ordinary intelligence, is established beyond question, both by the decided cases in this State and upon general authority. Something more is necessary in order to fix liability on the railroad company. The passenger may not be negligent in attempting to step from a moving train, where the railroad company has violated its duty to stop its train at the proper destination of the passenger, or where the train has not stopped a sufficient length of time to enable the passenger to alight. Excusing him from any imputation of negligence, he must allege some act of negligence in the operation of the train at the time of the infliction of the injury, which produced, as the prime or proximate cause, his injury. The act of negligence committed by the railroad company in failing to stop its train a sufficient length of time to enable the passenger to alight is not, without more, the proximate cause of a physical injury to the passenger in attempting to step from the moving train."

Noting that in cases involving jerks or sudden starts where negligence in the operation of the train may be imputed, the *Williams* court further observed that where one alights from a moving train by order of the conductor the consequences chargeable to the conduct of the conductor will also be imputed to the company. It reasoned, however, that "[i]n the absence of negligence on the part of the carrier in the operation of the train, or on the part of its servants in control thereof in directing, requesting, or permitting the passenger to attempt to alight from the train while in motion, its antecedent negligence in merely failing to stop the train long enough for the passenger to alight, can not rightly be regarded as the proximate cause of an injury such as was received under the circumstances appearing in this case." Id. at 468. In the instant case, as in *Williams*, the car attendant exercised no control over the movement or management of the train,

and she specifically advised Mrs. Giargiari to remain on the train until it stopped at the next station. We agree with the trial court that in the circumstances shown, the car attendant's actions did not constitute an inducement to Mrs. Giargiari to attempt to leave the train while in motion. Accordingly, summary judgment was properly granted to the appellees.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 2, 1988.

*L. Lynn Hanna, Ann N. Dettmering*, for appellant.
*Edgar A. Neely, Jr., Tami L. Brown*, for appellees.